IMG-275                                                        NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

Nos. 09-2940 & 09-3974
_____

SEAN ANTHONY PRINCE,

Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,

Respondent

_____

On Petitions for Review of Orders of the
Board of Immigration Appeals
(Agency No. A37-140-090)
Immigration Judge: The Honorable Walter Durling

_____

Submitted Under Third Circuit LAR 34.1(a)
August 11, 2010

Before: FUENTES, VANASKIE and VAN ANTWERPEN, <u>Circuit</u> <u>Judges</u>

(Opinion filed:  August 17, 2010)
_____

OPINION
_____

PER CURIAM

Sean Prince, a native of Guyana, petitions for review of two decisions of the Board

of Immigration Appeals ("BIA").  One decision upheld the denial of Prince's cancellation of removal application and ordered him removed from the United States, and the other decision denied Prince's motion for reconsideration.  Because we conclude that neither petition for review has merit, they will be denied.

I.

Prince entered the United States on May 21, 1983, and was admitted as a lawful permanent resident.  Since that time, Prince has had numerous encounters with the criminal justice system.  Following Prince's 2002 conviction for second degree menacing and his 2003 conviction for assault (both in New York), the Government issued Prince a notice to appear charging him with removability pursuant to 8 U.S.C. § 1227(a)(2)(A)(ii) ("Any alien who at any time after admission is convicted of two or more crimes involving moral turpitude, not arising out of a single scheme of criminal misconduct . . . is deportable.").[1]  To block his removal, Prince applied for cancellation of removal pursuant to 8 U.S.C. § 1229b(a).  Question 49 on the form application asked Prince to detail his full criminal history, including the dates and punishments for any and every conviction. (AR 567.)[2]  In response to this question, Prince attached a document indicating that he had five criminal convictions.  (AR 570.)

_____

[1] The Government added several removal charges subsequent to issuance of the notice to appear.

[2] We refer here, and throughout the opinion, to the administrative record filed in case No. 09-2940.

2

On January 15, 2009, a merits hearing was held on Prince's cancellation of removal application. At the hearing, the Government produced an FBI Identification Record report ("the FBI rap sheet") indicating that Prince actually had seventeen arrests resulting in thirteen criminal convictions in New York and California.[3] Using information from the FBI rap sheet, the Immigration Judge (IJ) determined that Prince was statutorily ineligible for cancellation of removal because his convictions in 1988 for an assault and in 1989 for drug possession prevented him from satisfying the continuous residency requirement. See 8 U.S.C. § 1229b(a)(2) (alien must have "resided in the United States continuously for 7 years after having been admitted"); 8 U.S.C. § 1229b(d)(1) (period of continuous residence ends when alien commits a controlled substance offense or a crime involving moral turpitude). The IJ stated that Prince's "foremost problem . . . is his 1989 conviction," but that Prince had also failed to demonstrate that his 1988 assault conviction did not qualify as one for a crime involving moral turpitude.

The BIA dismissed Prince's appeal, concluding that he failed to carry his burden of showing eligibility for cancellation of removal. The BIA determined that the IJ did not clearly err in finding that Prince's 1989 conviction constituted one involving a controlled

---

[3] The report did not list Prince's arrests and convictions in New Jersey. (AR 307.) However, Prince's trial counsel did inform the IJ before the start of the hearing that Prince "had a conviction in Montclair, New Jersey for terroristic threats back in January of 2006." (AR 181.)

3

substance. In addition, the BIA rejected Prince's claim that his due process rights were violated when the IJ allowed the Government to introduce the FBI rap sheet at the merits hearing. The BIA reasoned as follows:

> It is the respondent's burden to affirmatively establish his eligibility for relief. Therefore, as to these convictions [from the FBI rap sheet], he was required to disclose them and to establish that they did not present a statutory basis for denying relief. The respondent did neither of these. Moreover, the existence of the 1989 controlled substance conviction bars him from relief, thereby rendering the respondent unable to show prejudice even if we presume that a procedural due process violation occurred.

(AR 17) (internal citations omitted).

Prince filed his first petition for review (No. 09-2940) with this Court, as well a motion for reconsideration with the BIA. The BIA denied the motion, and Prince filed his second petition for review (No. 09-3974). The two cases were consolidated.

II.

We lack jurisdiction to review final orders of removal for aliens, like Prince, who are removable for having committed a criminal offense described in 8 U.S.C. § 1252(a)(2)(C). However, we retain jurisdiction to consider the constitutional claims and questions of law raised in Prince's brief. See 8 U.S.C. § 1252(a)(2)(D); see also Papageorgiou v. Gonzales, 413 F.3d 356, 358 (3d Cir. 2005). We review those claims and questions de novo. See Mudric v. Att'y Gen., 469 F.3d 94, 97 (3d Cir. 2006).

III.

4

We first consider Prince's claim that the IJ and BIA erred as a matter of law in concluding that he failed to satisfy the cancellation of removal statute's seven-year continuous residence requirement because pre-IIRIRA[4] criminal convictions should not be considered in determining the applicability of 8 U.S.C. § 1229b(d)(1). This is essentially a claim that IIRIRA's amendments to the immigration statute were given impermissible retroactive effect, and we lack jurisdiction here to review its merit because Prince did not press it before the BIA on direct appeal. See Hoxha v. Holder, 559 F.3d 157, 159, 159 n.3 (3d Cir. 2009).[5] While Prince raised the claim in his motion for reconsideration, the BIA rejected it for technical reasons, see In re O-S-G-, 24 I. & N. Dec. 56, 58 (BIA 2006) ("A motion to reconsider based on a legal argument that could have been raised earlier in the proceedings will be denied."), and did not reach its merits. Cf. Lopez-Dubon v. Holder, --- F.3d ---, 2010 WL 2384010, at *1 (5th Cir. June 16, 2010, No. 08-60478) (claim is exhausted "when the BIA chooses to address an issue on the merits despite potential defects in its posture before the BIA.").

Prince next claims that his due process rights were violated when the IJ accepted

---

[4] The Immigration Reform and Immigrant Responsibility Act of 1996, 110 Stat. 3009-546.

[5] Relatedly, Prince argues that he did raise this claim on direct appeal to the BIA, and that the BIA denied him due process in failing to consider it. Prince does not provide a citation to the record in support of his argument, and we do not find it to have been presented in his brief filed with the BIA (AR 24-29), or even in his notice of appeal. (AR 60-62.)

the FBI rap sheet into evidence and then used information from that document to find Prince statutorily ineligible for cancellation of removal. Prince cries foul because he "was not given an opportunity to challenge the government's evidence regarding a criminal conviction presented for the first time at the individual hearing where the conviction in question was an old conviction that [he] did not remember having committed." (Pet. Br. at 18.)

"Aliens in removal proceedings are entitled to Fifth Amendment Due Process protection, which guarantees them a fundamentally fair removal hearing." Leslie v. Att'y Gen., --- F.3d ---, 2010 WL 2680763, at *7 (3d Cir. July 8, 2010, No. 08-3180). There are three pillars of a fair removal proceeding: (1) fact-finding by the IJ based on the record before the court; (2) the opportunity to raise claims and make supporting arguments; and (3) an individualized determination of those claims. See Chong v. INS, 264 F.3d 378, 386 (3d Cir. 2001). None of these pillars was missing from Prince's removal proceeding before the IJ. In its brief, the Government points out that Prince was in fact given an opportunity to challenge the information contained in the FBI rap sheet and to explain the related deficiencies in his cancellation of removal application. We agree with the Government's characterization of the merits hearing, and conclude that Prince has not demonstrated a violation of his due process rights with respect to

6

introduction of the FBI rap sheet.[6]  Additionally, Prince's failure to argue that he *was not* convicted of a controlled substance offense in 1989 negates his ability to make the required showing of substantial prejudice resulting from the purported due process violation.  See Singh v. Gonzales, 432 F.3d 533, 541 (3d Cir. 2006).

Lastly, Prince claims that the BIA erred as a matter of law in denying his motion for reconsideration "due to its determination that he had failed to cite legal authority in support of his arguments." (Pet. Br. at 20.)  This claim lacks merit.[7]  The BIA did not deny Prince's motion simply because he failed to cite legal authority, but instead because the authority Prince cited did not "persuasively demonstrate[] an error of fact or law in our prior decision." (AR 17.)  And, as already mentioned, the BIA rejected his IIRIRA retroactivity claim on technical grounds.

Accordingly, because they lack merit, we will deny Prince's petitions for review.

---

[6]  We emphasize that it was Prince's burden, not the Government's, to establish eligibility for discretionary cancellation of removal.  See Jean-Louis v. Att'y Gen., 582 F.3d 462, 464 n.2 (3d Cir. 2009) (citing 8 U.S.C. § 1229a(c)(4)(A)(i)).  To that end, Prince's cancellation of removal application required him to detail his entire criminal history.  For whatever reason, he did not.  We are loath to find a due process violation where the Government's belated production of criminal history evidence is apparently due in no small part to the alien's gross under-reporting of that information in his application for discretionary relief.

[7] Because Prince claims only that the BIA applied the law incorrectly, we reject the Government's contention that he is instead challenging the discretionary aspect of the BIA's denial of the motion for reconsideration, an aspect that we would lack jurisdiction to review.  See Cruz v. Att'y Gen., 452 F.3d 240, 246-47 (3d Cir. 2006).  We thus have no occasion to assess the impact, if any, of Kucana v. Holder, 130 S. Ct. 827 (2010), on our decision in Cruz.