# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 24, 2011

No. 10-60885
Summary Calendar

Lyle W. Cayce
Clerk

ZOILA HORTENCIA BUSTILLO-MARTINEZ,

Petitioner

v.

ERIC H. HOLDER, JR., U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A078 176 142

Before WIENER, BARKSDALE, and BENAVIDES, Circuit Judges.
PER CURIAM:[*]

Zoila Hortencia Bustillo-Martinez, a native and citizen of Honduras, petitions for review of the Board of Immigration Appeals' (BIA) dismissing her appeal from the immigration judge's denial of her motion to reopen removal proceedings. Bustillo's motion to reopen was filed nine years after she failed to appear for her hearing and was ordered removed in absentia.

Bustillo first contends the BIA erred by failing to exercise its *sua sponte* authority to reopen those proceedings. Because that authority is discretionary,

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

our court lacks jurisdiction to review this claim.  8 C.F.R. § 1003.2(a); *Lopez-Dubon v. Holder*, 609 F.3d 642, 647 (5th Cir. 2010), *cert. denied*, ___ S. Ct. ___, 2011 WL 1529750 (2011); *Enriquez-Alvarado v. Ashcroft*, 371 F.3d 246, 249-50 (5th Cir. 2004).

Bustillo also maintains the BIA abused its discretion by declining to reopen her removal proceedings, pursuant to 8 C.F.R. § 1003.2(c), to permit her to pursue an asylum application based on changed conditions in Honduras.  Our court has jurisdiction to review this claim.  *Nolos v. Holder*, 611 F.3d 279, 281 (5th Cir. 2010) (citing *Kucana v. Holder*, 130 S. Ct. 827, 838-40 (2010)).  The BIA's denial is reviewed under a "highly deferential abuse-of-discretion standard".  *Zhao v. Gonzales*, 404 F.3d 295, 303 (5th Cir. 2005) (citation omitted).  Under that standard, the decision is upheld "so long as it is not capricious, racially invidious, utterly without foundation in the evidence, or otherwise so irrational that it is arbitrary rather than the result of any perceptible rational approach".  *Id.* at 304 (citation and internal quotation marks omitted).

Bustillo was required to file her motion to reopen no later than 180 days after the date of the removal order.  8 C.F.R. § 1003.23(b)(4)(ii) (time limitation for motion to reopen in absentia removal order).  That time limitation does not apply, however, where the motion is "based on changed circumstances arising in the country of nationality . . . , if such evidence is material and was not available and could not have been discovered or presented at the previous hearing".  8 C.F.R. § 1003.2(c)(3)(ii).  Moreover, the motion to reopen "must be accompanied by the appropriate application for relief and all supporting documentation".  8 C.F.R. § 1003.2(c)(1).

In its order regarding not reopening removal proceedings, the BIA noted, *inter alia*, that Bustillo failed:  to produce evidence of changed country conditions; and to submit an asylum application with supporting documentation

establishing her eligibility for relief. Accordingly, the BIA did not abuse its discretion.

Finally, Bustillo contends the BIA violated her due-process rights by basing its dismissal on her failure to submit an asylum application. She maintains she had no time to submit the application because her impending deportation required immediate action. The BIA, however, did not violate her due-process rights because "there is no liberty interest at stake in a motion to reopen due to the discretionary nature of the relief sought". *Gomez-Palacios v. Holder*, 560 F.3d 354, 361 n.2 (5th Cir. 2009).

DISMISSED in part; DENIED in part.