# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 1, 2011

Lyle W. Cayce
Clerk

No. 10-60910
Summary Calendar

NESTOR ENRIQUE CORTEZ-VASQUEZ,

Petitioner,

versus

ERIC H. HOLDER, JR., U.S. Attorney General,

Respondent.

Petition for Review of an Order of
the Board of Immigration Appeals
No.  A098  935  340

Before REAVLEY, SMITH, and PRADO, Circuit Judges.

PER CURIAM:[*]

Nestor Cortez-Vasquez petitions for review of the denial by the Board of

Immigration Appeals ("BIA") of his second motion to reopen removal proceed-

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

ings. He argues that the *in absentia* removal order issued by the immigration judge was invalid because he did not receive notice of the removal hearing and was not adequately advised of the consequences of failing to provide immigration officials with a current address. Cortez-Vasquez contends that he was entitled to receive notice of the hearing and that the lack of notice violated due process because he was seventeen years of age. He also asserts that proper consideration was not given to either the evidence that he proffered in support of his asylum request or whether his minor status qualified him for the William Wilberforce Trafficking Victims Protection Reauthorization Act of 2008 ("TVPRA").

This court reviews the denial of a motion to reopen "under a highly deferential abuse-of-discretion standard." *Zhao v. Gonzales*, 404 F.3d 295, 303 (5th Cir. 2005). The BIA's decision must be upheld as long as it is not "capricious, racially invidious, utterly without foundation in the evidence, or otherwise so irrational that it is arbitrary rather than the result of any perceptible rational approach." *Singh v. Gonzales*, 436 F.3d 484, 487 (5th Cir. 2006) (internal quotation marks and citation omitted).

Cortez-Vasquez has not established that the BIA abused its discretion in denying his second motion to reopen as exceeding the numerical limitations on such filings. An alien may file only one motion to reopen an order of removal that was, as in this case, entered *in absentia* pursuant to INA § 240(b)(5)(a), 8 U.S.C. § 1229a(b)(5). 8 C.F.R. § 1003.23(b)(1), (b)(4)(ii); 8 U.S.C. § 1229a(c)(7); *see* 8 C.F.R. § 1003.2(c)(3). There is no exemption to the numerical limitations on the basis that the alien did not receive adequate notice. § 1003.23(b)(4)(ii); § 1229a(c)(7). Further, contrary to Cortez-Vasquez's suggestions, the numerical limitations are not subject to tolling on the basis of ineffective assistance of counsel. *See Ramos-Bonilla v. Mukasey*, 543 F.3d 216, 219-20 (5th Cir. 2008).

Even if Cortez-Vasquez was not numerically barred from contesting his removal proceedings on the basis of lack of notice, he has not shown that the denial of the motion to reopen was an abuse of discretion. He does not dispute

that he did not give immigration officials an address at which he could be reached when he was served with his Notice to Appear ("NTA") or at any other time. He was old enough to be served with the NTA, and the record supports that service did not violate due process. 8 C.F.R. § 103.5a(c)(ii); *Lopez-Dubon v. Holder*, 609 F.3d 642, 645-47 (5th Cir. 2010). Thus, because Cortez-Vasquez was not entitled to receive actual notice of his hearing, he would not be entitled to recision of the removal order on the basis that he did not receive proper notice. *See* § 1229a(b)(5)(B); *Gomez-Palacios v. Holder*, 560 F.3d 354, 360-61 (5th Cir. 2009).

Cortez-Vasquez also has not shown that he may file a second motion to reopen because he applied for asylum and submitted with his motion to reopen evidence regarding his asylum request. The time and numerical limitations on motions to reopen do not apply if, *inter alia*, the motion is "based on changed country conditions arising in the country of nationality or the country to which removal has been ordered, if such evidence is material and was not available and would not have been discovered or presented at the previous proceeding." § 1229a(c)(7)(C)(ii); *see* § 1003.2(c)(2), (3). In addition to demonstrating changed country conditions in an otherwise barred motion to reopen, the alien must show *prima facie* eligibility for the relief sought. *See Ogbemudia v. INS*, 988 F.2d 595, 599-600 (5th Cir. 1993).

Although Cortez-Vasquez argues that the evidence that he offered in support of his asylum claim was overlooked, he does not identify the significance of the evidence or explain why it warranted a reopening of the removal proceedings. He does not indicate how the evidence supports that there was a material change in country conditions and does not set forth any comparison between the country conditions in El Salvador at the time of his second motion to reopen and those that existed when his removal order was entered. *See In re S-Y-G-*, 24 I. & N. Dec. 247, 253 (BIA 2007). Moreover, he does not explain how the evidence supports that he is *prima facie* eligible for asylum; he does not allege or attempt

to demonstrate that the evidence shows that he experienced past persecution or possessed a well-founded fear of future persecution on account of a protected ground. *See Tesfamichael v. Gonzales*, 469 F.3d 109, 113 (5th Cir. 2006) (setting forth *prima facie* case for asylum). Thus, he has not established that his motion to reopen was erroneously denied in light of his request for asylum.

Finally, Cortez-Vasquez has not shown his proceedings should have been subject to the TVPRA, which does not apply to him because he does not satisfy the definition of an "unaccompanied minor child." He was accompanied by his adult sister, who assumed custody for him upon his release, and his parents lived in the United States and had legal immigration status. *See* 6 U.S.C. § 279(g)(2). Also, by the time Cortez-Vasquez submitted his application, he had attained eighteen years of age and had reunited with his family in the United States. *See id.* Thus, the TVPRA is inapplicable.

The petition for review is DENIED.