# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 29, 2011

No. 10-60949
Summary Calendar

Lyle W. Cayce
Clerk

SASIRAM BUDHATHOKI,

Petitioner

v.

ERIC H. HOLDER, JR., U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A094 932 785

Before HIGGINBOTHAM, DAVIS, and ELROD, Circuit Judges

PER CURIAM:[*]

Sasiram Budhathoki, a native and citizen of Nepal, petitions for review of the decision of the Board of Immigration Appeals ("BIA") dismissing his appeal of the immigration judge's ("IJ's") determination that he was ineligible for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). The IJ's decision, of which the BIA approved, was based largely on a determination that Budhathoki was not credible. Because the BIA approved of and relied on the IJ's factual findings, this court may review the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-60949

findings of the IJ.[1] Like factual findings by the BIA, the findings of fact by the IJ are reviewed for substantial evidence.[2] The substantial evidence standard of review requires that we "defer to the [immigration court's] factual findings unless the evidence is so compelling that no reasonable fact finder could fail to find otherwise."[3] For the following reasons, we deny Budhathoki's petition for review.

In support of his petition for review, Budhathoki makes two arguments, neither of which is persuasive.

First, Budhathoki challenges the IJ's credibility determination, arguing that the IJ improperly focused on inconsistencies concerning which particular family members were kidnaped by Maoists and how he entered the United States, rather than focusing on the substantial evidence that he was beaten and tortured. However, under the REAL ID Act,[4] which is applicable to Budhathoki's application, "an IJ may rely on *any* inconsistency or omission in making an adverse credibility determination as long as the 'totality of the circumstances' establishes that an asylum applicant is not credible."[5] We will "defer therefore to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling."[6]

---

[1] *See Chun v. INS*, 40 F.3d 76, 78 (5th Cir. 1994).

[2] *Wang v. Holder*, 569 F.3d 531, 536 (5th Cir. 2009).

[3] *Mikhael v. INS*, 115 F.3d 299, 304 (5th Cir. 1997).

[4] Pub. L. 109-13, 119 Stat. 302.

[5] *Wang*, 569 F.3d at 538 (internal quotation marks omitted) (adopting and quoting *Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008)).

[6] *Id.* (internal quotation marks and citation omitted).

Budhathoki challenges the IJ's determinations that (1) Budhathoki's testimony that his wife and daughter had been kidnaped was inconsistent with his mother's letter that was introduced into evidence stating that his daughter and son had been kidnaped; (2) Budhathoki's testimony and his statement on his asylum application were inconsistent concerning the last time that Budhathoki saw his children; (3) Budhathoki's testimony that he paid a stranger 200 pesos to enter the United States was inconsistent with his statement reported in his Report of Deportable/Inadmissible Alien that he paid a stranger $9,000 to smuggle him into Austin, Texas; and (4) Budhathoki's testimony concerning his easy escapes from the Maoists was implausible, especially since Budhathoki claimed that the Maoists wanted to kill him. However, the record supports these credibility determinations, and Budhathoki has abandoned any challenge to the IJ's additional findings concerning his credibility.[7]  Budhathoki also asserts that he should be entitled to a presumption of credibility on appeal pursuant to 8 U.S.C. § 1158(b)(1)(B)(iii).  That statute provides for no such presumption unless no adverse credibility determination was made.[8]  Because the IJ in this case did make an adverse credibility determination, the presumption of credibility does not apply.[9]  Accordingly, Budhathoki has not shown that under the totality of the circumstances, no reasonable fact finder could make an adverse credibility ruling.[10]

Second, Budhathoki argues that even if this court accepts the IJ's credibility findings, the IJ's credibility determination was not sufficient to support a finding that Budhathoki did not meet the requirements for protection

---

[7] *See Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003).

[8] *See* 8 U.S.C. § 1158(b)(1)(B)(iii).

[9] *See id.*

[10] *See Wang*, 569 F.3d at 538.

under the CAT.  The Government argues that this court need not address that claim because Budhathoki did not exhaust it by raising it before the BIA. Budhathoki responds that regardless whether he raised the issue before the BIA, this court has jurisdiction to consider it because the BIA considered the issue in dismissing his appeal.

In dismissing Budhathoki's appeal with regard to his CAT claim, the BIA asserted, "The respondent also failed to prove that it was more likely than not he would be tortured by or 'at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity' upon removal to Nepal."  As we held in *Lopez-Dubon v. Holder*,[11] "[i]f the BIA deems an issue sufficiently presented to consider it on the merits, such action by the BIA exhausts the issue as far as the agency is concerned and that is all that [8 U.S.C.] § 1252(d)(1) requires to confer our jurisdiction."[12] Because the BIA considered Bhudathoki's CAT claim on the merits, we find that the claim was exhausted and that this court has jurisdiction to consider it.

"[T]he inability to establish asylum [is not] fatal to the pursuit of Convention Against Torture relief."[13]  In this case, however, Budhathoki's asylum and CAT claims are based on the same theory and alleged facts.  The IJ's credibility assessment thus "goes directly to the issue of whether or not [Budhathoki] will be tortured" upon return to Nepal.[14]  As the IJ noted, Budhathoki submitted a letter from the Center for Survivors of Torture

---

[11] 609 F.3d 642 (5th Cir. 2010), *cert. denied*, 131 S. Ct. 2150 (2011).

[12] *Id.* at 644 (alterations in original) (quotation marks and citation omitted).

[13] *Tamara-Gomez v. Gonzales*, 447 F.3d 343, 350 (5th Cir. 2006); *see Hongyok v. Gonzales*, 492 F.3d 547, 551 (5th Cir. 2007) ("Analyses of an alien's eligibility for statutory withholding of removal and of his eligibility for relief under the CAT are independent."); *Efe v. Ashcroft*, 293 F.3d 899, 906-07 (5th Cir. 2002) ("The [CAT] claim is separate from the claims for asylum and withholding of removal and should receive separate analytical treatment.").

[14] *Efe*, 293 F.3d at 907-08.

indicating treatment for post-traumatic stress, as well as a 2007 Country Conditions Report for Nepal that reflected incidents of abductions and mistreatment by the Maoists. The IJ nonetheless (1) found reason to doubt whether Budhathoki had even a subjective fear of returning to Nepal and (2) concluded that Budhathoki had not submitted credible, specific, and detailed evidence which would allow the court to find that a reasonable person in his position would fear persecution.

With regard to the CAT claim, the IJ explained that Budhathoki's burden only could be established by testimony without corroboration if the testimony was credible.[15] Although the IJ did not say so explicitly, the IJ clearly found that there was inadequate corroboration of Budhathoki's claim that he would be subject to torture if he returned to Nepal. As the IJ observed, after Budhathoki was kidnaped by the Maoists in 2003 and 2004, the Maoists did not once follow through on their threats to kill him and did not even take him to their court or judge. According to Budhathoki's own testimony, the Maoists used him to carry their things or to cook or clean for them. Moreover, Budhathoki testified that when he lived in India, he saw one of the Maoists who had allegedly kidnaped him, yet no harm or threats resulted from that encounter. Given those facts and the IJ's adverse credibility determination, Budhathoki "has not shown the evidence is so compelling that no reasonable fact finder could fail to find [him] eligible for CAT relief."[16] Therefore, we find that substantial evidence supported the IJ's and BIA's finding that Budhathoki failed to prove that it was more likely than not that he would be tortured upon removal to Nepal.

The petition for review is DENIED.

---

[15] *See* 8 C.F.R. § 208.16(c)(2).

[16] *Roy v. Ashcroft*, 389 F.3d 132, 140 (5th Cir. 2004) (per curiam).