**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
February 15, 2012

Lyle W. Cayce
Clerk

No. 11-60440
Summary Calendar

LUISA MALDONADO-PADILLA,

Petitioner

v.

ERIC H. HOLDER, JR., U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A073 221 834

Before KING, JOLLY, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Luisa Maldonado-Padilla, a native and citizen of Ecuador, petitions for review of a final order of the Board of Immigrations Appeals (BIA) dismissing her appeal of the immigration judge's (IJ) denial of her motion to reopen her deportation proceedings. After notice was sent to the address provided by Maldonado-Padilla by certified mail, Maldonado-Padilla failed to appear for her hearing in February 1995 and was ordered deported in absentia. Before the BIA

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

and the IJ, Maldonado-Padilla sought reopening of her deportation proceedings on the basis that she did not receive notice of the hearing.

The record reflects that the hearing notice was mailed to Maldonado-Padilla via certified mail to the following address: 514 Central Avenue, Westfield, New Jersey, 07090. The notice was returned though indicating Maldonado-Padilla "MOVED, LEFT NO ADDRESS." As she did before the IJ and the BIA, Maldonado-Padilla relies on an "Application to Redetermine Custody Status" in support of her argument that she notified her address to be "51 Elio Street New Jersey" upon her release from custody. However, a review of this document, which is not dated, indicates that Maldonado-Padilla was still in custody in Texas when she provided the Elio Street address as her intended address upon release. In all of the documents executed when Maldonado-Padilla was actually released on bond, she provided the Central Avenue address in Newark as her intended address upon release. Furthermore, in a "Notification Requirement For Change of Address, Maldonado-Padilla indicated the Central Avenue address in Newark as her mailing address. This form also advised Maldonado-Padilla, in English and Spanish, of her obligation to notify the court of any change in address, which as the BIA noted, Maldonado-Padilla acknowledged she failed to do. Accordingly, she has failed to overcome the strong presumption of effective service at her last known address. *See Matter of Grijalva*, 21 I&N Dec. 27, 33-34 (BIA 1995). Further, because Maldonado-Padilla's motion to reopen was filed more than 180 days following the issuance of her deportation order, a motion to reopen due to exceptional circumstances was untimely. *See* 8 U.S.C. § 1252b(c)(3)(A) (1994). Thus, Maldonado-Padilla has failed to show that the BIA abused its discretion in denying her motion to reopen. *See Gomez-Palacios v. Holder*, 560 F.3d 354, 358 (5th Cir. 2009).

Maldonado-Padilla also argues that the BIA should have reopened the deportation proceedings sua sponte. This court lacks jurisdiction, however, to review the BIA's decision not to reopen Maldonado-Padilla's deportation

No. 11-60440

proceedings sua sponte. *See Enriquez-Alvarado v. Ashcroft*, 371 F.3d 246, 249-50 (5th Cir. 2004); *Lopez-Dubon v. Holder*, 609 F.3d 642, 647 (5th Cir. 2010), *cert. denied*, 131 S. Ct. 2150 (2011).  Accordingly, Maldonado-Padilla's petition for review is DENIED.