# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 16, 2010

No. 08-60478

Lyle W. Cayce
Clerk

DOUGLAS VLADIMIR LOPEZ-DUBON

Petitioner

v.

ERIC H. HOLDER, JR., U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals

Before JOLLY and DENNIS, Circuit Judges, and BOYLE, District Judge.[*]

DENNIS, Circuit Judge:

In June 1996, Petitioner Douglas Vladimir Lopez-Dubon ("Lopez-Dubon") entered the United States without inspection or authorization. He was apprehended in September of that year and was personally served with an Order to Show Cause ("OSC") why he should not be deported. Lopez-Dubon was 17 at the time. Upon his release he was informed that he would be notified of the date and location of his deportation hearing by mail, and that it was his responsibility to keep the immigration authorities informed as to his current address. Notice was mailed to the address Lopez-Dubon had provided before his release, but was

---

[*] District Judge, Northern District of Texas, sitting by designation.

returned because Lopez-Dubon no longer lived there and the postal service could not complete delivery. A year later, on July 14, 1997, after Lopez-Dubon failed to appear, an immigration judge ordered him deported in absentia.

On November 17, 2006, Lopez-Dubon filed a motion to reopen his case in order to seek adjustment of his immigration status. Lopez-Dubon's motion stated that he was 17 at the time he was initially detained in September 1996. The motion did not argue that his age had any relevance, however, but instead claimed that he had never received notice of the deportation hearing. An immigration judge denied the motion and Lopez-Dubon appealed to the Board of Immigration Appeals ("BIA"), which dismissed his appeal on the grounds that a notice of the hearing was sent to the address Lopez-Dubon had provided when he was released, but was returned as undeliverable. Lopez-Dubon filed a motion for reconsideration, arguing for the first time that notice should have been served on a responsible adult because Lopez-Dubon was only 17 at the time he was detained. The BIA denied the motion but, rather than holding that the age-related-notice argument was not properly before it, the BIA addressed the issue on the merits and rejected Lopez-Dubon's argument. Lopez-Dubon timely filed a petition for review.

The first question in this case is whether this court has jurisdiction over Lopez-Dubon's appeal. An alien's failure to exhaust administrative remedies is a jurisdictional bar to our consideration of an issue. 8 U.S.C. § 1252(d)(1); *Roy v. Ashcroft*, 389 F.3d 132, 137 (5th Cir. 2004). In this case, Lopez-Dubon did not raise the issue of age-related notice until his motion for reconsideration before the BIA. Nevertheless, the BIA addressed the issue on the merits. We have not previously addressed the question of whether an issue not properly raised by a petitioner in immigration proceedings but nevertheless addressed on the merits by the BIA may be considered by this court. *See Omari v. Holder*, 562 F.3d 314, 319 (5th Cir. 2009) (noting a circuit split on this issue but declining to choose a

2

No. 08-60478

side). Almost every court of appeals will address an issue on the merits when the BIA has done so, even if the issue was not properly presented to the BIA itself. *See Lin v. Attorney General*, 543 F.3d 114, 122-26 (3d Cir. 2008) (discussing circuit split).[1] We agree. We are persuaded that, as the Tenth Circuit has reasoned, the purpose of the statutory exhaustion requirement is to allow the BIA "the opportunity to apply its specialized knowledge and experience to the matter" and to "resolve a controversy or correct its own errors before judicial intervention." *Sidabutur v. Gonzales*, 503 F.3d 1116, 1122 (10th Cir. 2007) (internal citations and quotation marks omitted). These purposes are fulfilled when the BIA chooses to address an issue on the merits despite potential defects in its posture before the BIA. Thus, "[i]f the BIA deems an issue sufficiently presented to consider it on the merits, such action by the BIA exhausts the issue as far as the agency is concerned and that is all that [8 U.S.C.] § 1252(d)(1) requires to confer our jurisdiction." *Id.* at 1119.[2] We therefore have jurisdiction over the question of whether the notice provided to Lopez-Dubon was insufficient because of his age at the time of his detention.

This court reviews a decision by the BIA under a "highly deferential" standard. *Zhao v. Gonzales*, 404 F.3d 295, 301-03 (5th Cir. 2005). The BIA's factual findings are reviewed under a "substantial evidence" standard, such that this court will not overturn factual findings unless the evidence compels a contrary conclusion. *Mireles-Valdez v. Ashcroft*, 349 F.3d 213, 215 (5th Cir. 2003). Question of law are reviewed de novo, but "[w]e accord deference to the Board's interpretation of immigration statutes unless there are compelling

---

[1] Only the Eleventh Circuit bars review in such a circumstance. *Amaya-Artunduaga v. Attorney General*, 463 F.3d 1247, 1250-51 (11th Cir. 2006).

[2] 8 U.S.C. § 1252(d)(1) simply states that a federal court may review a final order of removal only if "the alien has exhausted all administrative remedies available to the alien as of right."

No. 08-60478

indications that the Board's interpretation is incorrect." *Rojas v. INS*, 937 F.2d 186, 189 (5th Cir. 1991).

On appeal, Lopez-Dubon argues that the notice of deportation was never properly served because he was 17 at the time of his detention and release and therefore notice should have been served upon a responsible adult instead of him. Lopez-Dubon's argument rests on the interaction, if any, between 8 C.F.R. § 1236.3, governing the release of juvenile aliens, and 8 C.F.R. § 103.5(a), governing service of notice requirements for deportation proceedings. Section § 1263 provides that a juvenile (defined as an alien under the age of 18) "shall be released, in order of preference, to: (i) A parent; (ii) Legal guardian; or (iii) An adult relative (brother, sister, aunt, uncle, grandparent) who is not presently in Service detention . . . ." This regulation says nothing about notice. However § 103.5(a), which is entitled "Service of notification, decisions, and other papers by the Service," states that service of notice for immigration proceedings on a responsible adult is only required "in the case of a minor under 14 years of age." *Id.* at § 103.5(a)(c)(2)(ii). Lopez-Dubon argues, essentially, that despite the explicit provision calling for service on an adult only if the detained minor is under 14 years of age, the separate provision requiring release of aliens under 18 to an adult's custody overrides the specific service of notice provision and requires that notice be served on an adult for all aliens under 18 years of age. In so arguing, Lopez-Dubon relies on a Ninth Circuit opinion, *Flores-Chaves v. Ashcroft*, 362 F.3d 1150 (9th Cir. 2004), which adopted this reasoning, determined that the two provisions were inconsistent, and held that the BIA's decision that the service provision controlled was unreasonable. Instead, the Ninth Circuit held, the release provision required that notice be served on an adult for any alien under 18 years of age. *See id.* at 1163.

The BIA, however, concisely rejected that reasoning in this case. The BIA acknowledged that the regulations require notice to be served on an adult for

aliens under 14 years of age, but noted that Lopez-Dubon was 17 at the time of his detention and therefore held that service of the Order to Show Cause upon him was proper. Though doubtless aware of *Flores-Chavez*, the BIA instead cited to an Eighth Circuit case, *Llapa-Sinchi v. Mukasey*, 520 F.3d 897 (8th Cir. 2008). In *Llapa-Sinchi*, the Eighth Circuit rejected the Ninth Circuit's reasoning in *Flores-Chavez. Llapa-Sinchi*, 520 F.3d at 900-01. The Eighth Circuit instead deferred to the BIA's determination in Llapa-Sinchi's case that the general service provision of § 103.5(a) controls.[3] *Id.*

By citing to *Llapa-Sinchi*, the BIA in this case adopted the Eighth Circuit's approach and reaffirmed that it interprets its own regulations to require notice to be served on an adult only when an alien is under 14 years of age. We cannot say that this is an unreasonable interpretation of the regulations. The service provision specifically calls for notice to be served on an adult only when the alien is under 14 years of age. The release provision relied upon by Lopez-Dubon and by the Ninth Circuit does not cross-reference or address the service provision, and it would be a strained analysis indeed that would resolve this issue by deciding not only that the provisions were inconsistent but that the more general release provision somehow negated the specific service provision despite making no reference to notification at all. We therefore affirm the BIA's holding that notice must be served on an adult only for aliens under 14 years of age. *See also Interiano de Rivas v. Gonzales*, 177 F. App'x 447, 448-51 (5th Cir. 2006) (unpublished) (holding that service on a 17 year-old was proper without addressing the question of age); *Matter of Ponce-Hernandez*, 22 I. & N. Dec. 784, 785 (B.I.A. 1999) (holding that service on a 15-year-old was proper).

---

[3] The Second Circuit was also presented with this question in *Llanos-Fernandez v. Mukasey*, 535 F.3d 79, 85 (2d Cir. 2008). The Second Circuit declined to decide the issue and instead remanded to the BIA for additional guidance. The BIA has not issued a new opinion in the case as of this writing.

No. 08-60478

Lopez-Dubon also argues that service of notice of a deportation hearing on a minor is an unconstitutional violation of due process. We are unpersuaded. An alien is entitled to due process with regard to his deportation hearing. *United States v. Estrada-Trochez*, 66 F.3d 733, 733-36 (5th Cir. 1995). For service to satisfy the requirements of due process, it must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Trust*, 339 U.S. 306, 314 (1950). In general, sending notice of a deportation hearing to an alien satisfies this requirement. *Estrada-Trochez*, 66 F.3d at 736. Lopez-Dubon argues that due process requires that notice be served upon a responsible adult if an alien is under 18. But minors "can be responsible for their own legal status and can waive their constitutional rights" in some circumstances. *Llapa-Sinchi*, 520 F.3d at 900. The Supreme Court has held that "minors can be responsible for waiving their right to appeal deportation and custody determinations." *Id.* (citing *Reno v. Flores*, 507 U.S. 292, 308-09 (1993)). Minors are also empowered to waive various other legal rights, at certain times and in certain contexts, including *Miranda* rights, the right to appeal, and the right to a jury trial. *See Llapa-Sinchi*, 520 F.3d at 900 (listing cases). As the Eighth Circuit pointed out in *Llapa-Sinchi*, many states allow personal service on minors as young as 14. *Id.* (citing Missouri, Minnesota, Nevada, Arkansas and North Dakota statutes). Here, Lopez-Dubon was 17 years old, only one year shy of legal adulthood. He conceded that he was informed that he would have to appear for a deportation hearing, and that he understood that responsibility and planned to appear. Thus, we hold that the notice served in this case was "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the actions and afford them an opportunity to present their objections," *Mullane*, 339 U.S. at 314. There was no due process violation.

Having established that Lopez-Dubon was the proper party to receive notice and that serving notice on him at 17 years of age was not a due process violation in and of itself, we must consider whether the BIA's factual finding that notice was properly served was supported by substantial evidence. An alien is entitled to written notice of immigration proceedings against him, but an alien is responsible for updating immigration authorities with his current address. *Gomez-Palacios v. Holder*, 560 F.3d 354, 358 (5th Cir. 2009). Thus an order of removal will not be set aside, even if the alien did not receive notice, if "the alien's failure to receive actual notice was due to his neglect of his obligation to keep the immigration court apprised of his current mailing address." *Gomez-Palacios*, 560 F.3d at 360.

The BIA found that notice of the deportation hearing was sent by certified mail to Lopez-Dubon at his last known address, and that Lopez-Dubon was advised at the time of his release of the consequences of failure to appear at his deportation hearing, and also of his responsibility to keep the immigration court updated as to his whereabouts so that notice of any proceedings could be sent to him. The BIA found that there was no evidence that Lopez-Dubon had attempted to update his address with the immigration court. Lopez-Dubon has not pointed to any evidence suggesting that these findings were clearly erroneous. The findings were supported by substantial evidence: the record contained the notice that was sent, which was returned when Lopez-Dubon could not be located at the address he provided, and there is no evidence that Lopez-Dubon kept the immigration court informed of his change of address, nor does his affidavit state that he did so. We therefore affirm the BIA's finding that Lopez-Dubon's failure to receive notice of his hearing was due to his own neglect, and he is not entitled to relief on this ground.

Finally, we reject Lopez-Dubon's argument that the BIA and the immigration judge abused their discretion in failing to reopen his deportation

No. 08-60478

proceedings sua sponte. The authority to sua sponte reopen deportation proceedings is entirely discretionary, and we lack jurisdiction to review this claim. *Enriquez-Alvarado v. Ashcroft*, 371 F.3d 246, 250 (5th Cir. 2004).

For the foregoing reasons the petition for review is DENIED.