# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 2, 2010

Lyle W. Cayce
Clerk

No. 09-60459

JULIO JIMENEZ-MOLINA,

Petitioner

v.

ERIC H. HOLDER, JR., U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A088 054 127

Before GARZA and BENAVIDES, Circuit Judges, and LYNN,[*] District Judge.

PER CURIAM:[**]

Julio Jimenez-Molina, a native and citizen of Venezuela, petitions this court to review an order of the Board of Immigration Appeals (BIA) denying his application for withholding of removal and protection under the Convention Against Torture (CAT). He argues that he is eligible for withholding of removal and CAT relief based upon his political opinion and membership in a particular social group, *i.e.*, Venezuelans who have fallen victim because they oppose the

---

[*] District Judge of the Northern District of Texas, sitting by designation.

[**] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

socialist reforms of President Hugo Chavez. He asserts that he experienced past persecution because he signed a referendum opposing Chavez and worked as a cameraman for a television station that government supporters destroyed because of its perceived anti-government views. He argues that his past opposition to the government – both explicit and imputed – renders him vulnerable to future persecution and torture if he returns to Venezuela.

This court reviews the BIA's legal conclusions de novo and its findings of fact, including its determination that an alien is not eligible for withholding of removal, for substantial evidence. *See Efe v. Ashcroft*, 293 F.3d 899, 903 (5th Cir. 2002). Under the substantial evidence standard, this court will affirm the BIA's determination unless the evidence compels a contrary conclusion. *See Carbajal-Gonzalez v. INS*, 78 F.3d 194, 197 (5th Cir. 1996).

The Government argues that Jimenez-Molina has abandoned his claim of *past* persecution by failing to raise it in his initial brief. We agree that the claim was inadequately briefed. Nonetheless, even assuming *arguendo* that the claim was properly raised, the record does not compel a conclusion contrary to the BIA's finding that Jimenez-Molina did not demonstrate past persecution on account of his political opinion or membership in a particular social group. *See Carbajal-Gonzalez*, 78 F.3d at 197; 8 C.F.R. § 1208.16(b)(1). He has not shown that the alleged threats and limited physical abuse, which occurred during times of civil unrest, rise to the level of persecution. *See Eduard v. Ashcroft,* 379 F.3d 182, 188 (5th Cir. 2004); *Abdel-Masieh v. U.S. INS*, 73 F.3d 579, 584 (5th Cir. 1996).

The record also does not compel a conclusion contrary to the BIA's finding that Jimenez-Molina did not show that it was more likely than not that he would be persecuted on account of his political opinion or membership in a particular social group if he returns to Venezuela. *See Carbajal-Gonzalez*, 78 F.3d at 197; 8 C.F.R. § 1208.16(b)(2). He specifically has not shown that the Venezuelan government or any government-affiliated group has any persistent or continuing

2

interest in him, *i.e.*, there is no indication that he would likely be singled out individually for persecution if he returned. *See Zhao v. Gonzales,* 404 F.3d 295, 307 (5th Cir. 2005). He has not established that his role as cameraman was a position of high visibility or is a position usually targeted for persecution; there is no indication that whatever notoriety he may have had has outlasted his lengthy absence such that he would be targeted for persecution upon his return. Moreover, while the record suggests that there may be negative consequences for opponents of the government, particularly those who signed anti-Chavez referendums, the deprivations experienced by those individuals (*e.g.*, denial of passports, contracts, government identifications, public employment, and other government benefits) do not rise to the level of persecution. *See Tesfamichael v. Gonzales*, 469 F.3d 109, 114 (5th Cir. 2006); *Shehu v. Gonzales*, 443 F.3d 435, 441 & n.7 (5th Cir. 2006). Jimenez-Molina has not shown that the consequences for his political opposition would be more severe. He thus has not established that the BIA erred in denying his request for withholding of removal. *See Carbajal-Gonzalez*, 78 F.3d at 197.

Jimenez-Molina also asserts that the BIA wrongly held that he was not eligible for protection under CAT. He asserts that he established that it is more likely than not that he would be tortured if he returned to Venezuela. However, Jimenez-Molina did not include in his brief before the BIA any argument or analysis relevant to his CAT claim. The Government contends that this court may not review a claim for protection that has not properly been exhausted. Judicial review of a final removal order is available only if the applicant has exhausted all administrative remedies as of right. 8 U.S.C. § 1252(d)(1). Failure to exhaust administrative remedies creates a jurisdictional bar to this court's consideration of an issue. *Wang v. Ashcroft*, 260 F.3d 448, 452 (5th Cir. 2001).

Despite his failure to brief the claim, the BIA specifically addressed whether Jimenez-Molina had shown that he was eligible for CAT protection; the BIA found that he "has not established on this record that the Venezuela

government would torture him or acquiesce in his torture by others, as required for relief under [CAT]." (citing 8 C.F.R. §§ 1208.16(c)(3), 1208.18(a)). This court recently addressed whether an issue is considered exhausted if the BIA reaches the merits of the claim despite a petitioner's failure to properly present it. *Lopez-Duhon v. Holder*, 609 F.3d 642, 644–45 (5th Cir. 2010). In *Lopez-Dubon*, we agreed with the Tenth Circuit's reasoning that "the purpose of the statutory exhaustion requirement is to allow the BIA 'the opportunity to apply its specialized knowledge and experience to the matter' and to 'resolve a controversy or correct its own errors before judicial intervention.'" *Id.* at 644 (quoting *Sidabutar v.* Gonzales, 503 F.3d 1116, 1122 (10th Cir. 2007)). Joining a majority of the circuits, we held that "[i]f the BIA deems an issue sufficiently presented to consider it on the merits, such action by the BIA exhausts the issue as far as the agency is concerned and that is all that [8 U.S.C.] § 1252(d)(1) requires to confer our jurisdiction." *Id.* (quoting *Sidabutar*, 503 F.3d at 1119).   As previously set forth, in the instant case, the BIA addressed the merits of the CAT claim, which is sufficient to confer this court with jurisdiction to reach the claim.[1]

With respect to the merits of the claim, Jimenez-Molina has not shown that he is entitled to CAT relief. CAT provides that "[n]o State Party shall expel, return . . . or extradite a person to another State where there are substantial grounds for believing that he would be in danger of being subjected to torture." *Efe*, 293 F.3d at 907. Instead of requiring proof of persecution, CAT requires the higher showing of torture. *Id.* Torture is the intentional infliction of severe

---

[1] The Government attempts to distinguish the holding in *Lopez-Dubon* on the basis that Lopez-Dubon raised the issue before the BIA in a motion to reconsider.  609 F.3d at 644. Although Jimenez-Molina did not raise the instant issue in a motion to reconsider, we see no indication that the holding of exhaustion rested on the motion to reconsider.  The Government also attempts to distinguish *Lopez-Dubon* on the basis that the BIA did not have an "in depth discussion of the issue in this case."  We reject  the contention that the brevity of the analysis renders the claim unexhausted.  This court made clear that if the BIA considers the claim on the merits, the claim is exhausted.  *Lopez-Dubon*, 609 F.3d at 644.

mental or physical pain by a governmental official for the purpose of obtaining information, intimidation, punishment, or discrimination. *See* § 208.18(a)(1). Torture is "an extreme form of cruel and inhuman treatment." § 208.18(a)(2). The petitioner has the burden of proving that he will likely be tortured if he is removed. 8 C.F.R. § 208.16(c)(2).

The record does not reflect that it is more likely than not that Jimenez-Molina would be tortured if he returned to Venezuela. To the contrary, as set forth above, the record shows that Jimenez-Molina does not even face a specific risk of harm in Venezuela; Jimenez-Molina has failed to show that he would be subject to persecution, and he therefore would not be able to satisfy the higher burden of establishing the likelihood of torture. *See Efe*, 293 F.3d at 907.

The petition for review is DENIED.