# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
February 10, 2011

Lyle W. Cayce
Clerk

No. 09-60515
Summary Calendar

WALBERTO ORELLANA-FLORES,

Petitioner

v.

ERIC H. HOLDER, JR., U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A077 531 659

Before DeMOSS, STEWART, and ELROD, Circuit Judges.

PER CURIAM:[*]

Walberto Orellana-Flores, a native and citizen of El Salvador, was ordered removed in absentia after he failed to appear for a removal hearing. More than six years later, he filed a motion to reopen and rescind the in absentia removal order. An immigration judge denied relief. The Board of Immigration Appeals (BIA) affirmed, rejecting Orellana-Flores's arguments that he had not received notice of the hearing date due to a discrepancy in the mailing address and that service on a minor violates due process. Orellana-Flores now petitions this court

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

for review.

We review the denial of a motion to reopen under a "highly deferential abuse-of-discretion standard" and factual findings for substantial evidence. *Gomez-Palacios v. Holder*, 560 F.3d 354, 358 (5th Cir. 2009). We will not reverse a factual finding unless the evidence compels a contrary conclusion. *Id.*

Orellana-Flores first contends that he did not receive the notice of hearing because the address to which it was sent, 403 Hamilton Blvd., S. Plainfield, New Jersey, was incorrect. He asserts that the correct address was 403-A Hamilton Blvd. However, Orellana-Flores relies only on his counsel's brief to the BIA, in which counsel averred that the immigration officer who called Orellana-Flores's parents wrote the address down incorrectly. As the BIA correctly concluded, counsel's unsupported assertions are not sufficient. *See INS v. Phinpathya*, 464 U.S. 183, 188-89 n.6 (1984). The affidavit Orellana-Flores provided in the proceedings further contradicts his claims. It sets forth his address as 403 Hamilton Blvd., the same address reported on the notice to appear and the notice of hearing. Nowhere in his affidavit did Orellana-Flores aver that he did not in fact receive the notice or that the officer wrote down the wrong address. In addition, neither the notice of hearing nor the in absentia removal order each mailed to 403 Hamilton was returned to the immigration court.

There is also evidence that Orellana-Flores moved at some point but no evidence that he apprised the immigration court of his new address. This likewise would support denial of his motion. *See Gomez-Palacios*, 560 F.3d at 360-61. In sum, the evidence does not compel the conclusion that Orellana-Flores did not receive notice, and the denial of his motion was not an abuse of discretion.

Orellana-Flores next contends that service on a minor violates due process. He asserts that there is a conflict between 8 C.F.R. § 103.5a, which permits service on minors over the age of 14, and the provisions of 8 C.F.R. § 1236.3(a), and 8 C.F.R. § 1240.10(c), which prohibit certain actions with respect to minors

No. 09-60515

under 18. He also contends that due process requires notice be served on an adult who has custody of the minor.

We question whether we have jurisdiction to entertain Orellana-Flores's argument regarding the purported conflict between regulations as he did not raise that specific argument before the BIA. *See Omari v. Holder*, 562 F.3d 314, 321-22 (5th Cir. 2009). Even if his general assertions regarding his lack of understanding due to his age and denial of due process due to lack of notice were sufficient for purposes of our jurisdiction, we recently rejected materially indistinguishable arguments, and we discern no reason not to do so here. *See Lopez-Dubon v. Holder*, 609 F.3d 642, 645-46 (5th Cir. 2010).

With respect to his due process arguments, minors can be responsible for their legal status and waive certain rights. *See id.* at 646. At the time the notice of hearing was mailed to him in September 2000, Orellana-Flores was 17 years old, just one year shy of adulthood. In addition, the notice was mailed to him at his parents' address. The notice informed him of the date his case was set for hearing, of his right to be represented by counsel, and of the possibility of removal if he failed to appear. It also provided a list of free legal services as well as a way to contact the immigration court for information. He was also served personally with a notice to appear when he was detained. Given all the circumstances, we see no due process violation.

For the foregoing reasons, the petition for review is DENIED.