# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 16, 2011

No. 10-60783
Summary Calendar

Lyle W. Cayce
Clerk

CESAR STEVEN MAGANA-BARDALES,

Petitioner

v.

ERIC H. HOLDER, JR., U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A200 117 134

Before HIGGINBOTHAM, SMITH, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Cesar Steven Magana-Bardales petitions for review of a decision of the Board of Immigration Appeals (BIA) dismissing his appeal of the denial of his motion to reopen his proceedings and rescind his 2006 in absentia order of removal. We review the BIA's decision under a highly deferential abuse-of-discretion standard. *Gomez-Palacio v. Holder,* 560 F.3d 354, 358 (5th Cir. 2009). We review the BIA's factual findings for substantial evidence and will not disturb such findings "unless the evidence compels a contrary conclusion."

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-60783

*Lopez-Dubon v. Holder*, 609 F.3d 642, 645 (5th Cir. 2010), *cert. denied*, 79 U.S.L.W. 3608 (U.S. Apr. 25, 2011).

Magana-Bardales argues that the BIA abused its discretion in dismissing his appeal because he was not informed of his obligation to notify the immigration court of his address and any change of address. Magana-Bardales's Notice to Appear, however, with which he was personally served, warned him that he was required to provide his mailing address and to notify the immigration court of any change in address, as notices of hearing would be mailed to the address provided by him. Additionally, Magana-Bardales received oral notice in Spanish of the consequences of failing to appear. The Record of Deportable/Inadmissible Alien reflects that Magana-Bardales was advised about the address-notification requirement and that he agreed that he understood everything that was explained to him. The evidence does not compel a conclusion contrary to the BIA's finding that Magana-Bardales had been advised to provide his address and any change thereto.

An alien is not entitled to rescission of a removal order where the failure to receive actual notice of the time of the hearing is the result of the alien's failure to comply with the obligation to keep the immigration court apprised of her current mailing address. *Gomez-Palacio,* 560 F.3d at 361. The BIA did not abuse its discretion when it dismissed Magana-Bardales's appeal.

Arguing that he would face harm if removed to El Salvador, Magana-Bardales moves for a stay of removal pending these proceedings. This motion is denied as moot. *See Bolvito v. Mukasey*, 527 F.3d 428, 438-39 (5th Cir. 2008).

PETITION DENIED; MOTION DENIED.