# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
August 27, 2012

Lyle W. Cayce
Clerk

No. 12-60037
Summary Calendar

VIDA VEN,

                              Petitioner

v.

ERIC HOLDER, JR., UNITED STATES ATTORNEY GENERAL,

                              Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A055 255 508

Before JOLLY, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Vida Ven, a native and citizen of Cambodia, was ordered removed in absentia after he failed to appear for a removal hearing. He filed a motion to reopen and rescind the in absentia removal order. An immigration judge denied relief. The Board of Immigration Appeals (BIA) affirmed, rejecting Ven's argument that he had not received notice of the removal proceedings. Ven now petitions this court for review.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 12-60037

We review the denial of a motion to reopen under a "highly deferential abuse-of-discretion standard" and factual findings for substantial evidence. *Gomez-Palacios v. Holder*, 560 F.3d 354, 358 (5th Cir. 2009). We will not reverse a factual finding unless the evidence compels a contrary conclusion. *Id.*

Ven failed to provide a current mailing address to the immigration court in compliance with the address reporting requirements. This was a proper basis for denying his motion to reopen. *See Gomez-Palacios*, 560 F.3d at 360-61; *see also Lopez-Dubon v. Holder*, 609 F.3d 642, 647 (5th Cir. 2010), *cert. denied*, 131 S. Ct. 2150 (2011). Although Ven argues that his removal proceedings should be reopened because he did not receive his Notice to Appear (NTA) and, thus, was not properly advised of the requirement to provide and the consequences of not providing a current address to the immigration court, substantial evidence supports the determination that Ven received the NTA and was aware of his obligation to inform the immigration court of any change in address. *See Gomez-Palacios*, 560 F.3d at 358-61. Accordingly, Ven has not shown that the denial of his motion to reopen was an abuse of discretion.

Ven also argues that the BIA should have exercised its authority to sua sponte reopen his removal proceedings. We lack jurisdiction to review the BIA's wholly discretionary decision to refuse to reopen a removal proceeding sua sponte. *Lopez-Dubon*, 609 F.3d at 647.

For the foregoing reasons, Ven's petition for review is DENIED in part and DISMISSED in part for lack of jurisdiction.