# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 22, 2013

No. 12-60211
Summary Calendar

Lyle W. Cayce
Clerk

AMRIK SINGH, also known as Amrik Singh Shaheed,

Petitioner

v.

ERIC H. HOLDER, JR., U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A200 239 526

Before BENAVIDES, HAYNES, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Amrik Singh, a native and citizen of India, petitions for review of a decision by the Board of Immigration Appeals (BIA) dismissing his application for asylum, withholding of removal, or relief under the Convention Against Torture (CAT). Singh sought relief on the grounds that he had been persecuted by members of another political party, based on his membership in the Simranjit Singh Mann Party, and that he feared that he would be killed if he returned to India. The immigration judge (IJ) determined that Singh was not credible and

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

had failed to credibly establish his entitlement to relief. The IJ held, in the alternative, that Singh had failed to demonstrate that he suffered persecution at the hands of the government of India or by forces that the government was unable or unwilling to control or to show that he would be tortured by or with the consent or acquiescence of an official of the Indian government. The BIA agreed and affirmed the IJ's decision.

Because the BIA affirmed the IJ's decision based on the IJ's reasoning, we review the decisions of both the BIA and the IJ. *See Wang v. Holder*, 569 F.3d 531, 536 (5th Cir. 2009). We review the factual determination that an alien is not eligible for asylum, withholding of removal, or relief under the CAT under the substantial evidence standard. *See Chen v. Gonzales*, 470 F.3d 1131, 1134 (5th Cir. 2006). Under that standard, we will not reverse an immigration court's factual findings unless "the evidence was so compelling that no reasonable factfinder could conclude against it." *Wang*, 569 F.3d at 537; *see* 8 U.S.C. § 1252(b)(4)(B). Pursuant to the REAL ID Act, "an IJ may rely on *any* inconsistency or omission in making an adverse credibility determination as long as the totality of the circumstances establishes that an asylum applicant is not credible." *Wang*, 569 F.3d at 538 (internal quotation marks and citation omitted) (emphasis in original). Credibility determinations are entitled to deference "unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Id.* at 538 (internal quotation marks and citation omitted).

Although Singh did not expressly challenge the IJ's adverse credibility determination before the BIA, the BIA addressed the issue and concluded that there was sufficient support for the IJ's determination. Thus, the issue was sufficiently exhausted. *See Lopez-Dubon v. Holder*, 609 F.3d 642, 644 (5th Cir. 2010).

Even if there could be reasonable explanations for some of the discrepancies relied upon by the IJ in making its adverse credibility

determination, given the highly deferential standard that this court employs and when viewing the totality of the circumstances, as well as the absence of any corroborating evidence, Singh has failed to demonstrate that "it is plain that no reasonable fact-finder could make . . . an adverse credibility ruling." *Wang*, 569 F.3d at 538 (internal quotation marks and citation omitted).

Moreover, even without the adverse credibility determination, Singh has failed to show that the evidence compels a conclusion that he suffered persecution at the hands of the "government or forces that a government is unable or unwilling to control," *see Tesfamichael v. Gonzales,* 469 F.3d 109, 113 (5th Cir. 2006), or that he has a well-founded fear of future persecution, *see Zhao v. Gonzales*, 404 F.3d 295, 307 (5th Cir. 2005), such that he would be entitled to asylum. Accordingly, Singh cannot satisfy the higher standard for withholding of removal. *See Efe v. Ashcroft*, 293 F.3d 899, 906 (5th Cir. 2002). He likewise has not shown that the evidence compels relief under the CAT. *See Chen v. Gonzales*, 470 F.3d 1131, 1139 (5th Cir. 2006).

Accordingly, Singh's petition for review of the denial of asylum, withholding of removal, and protection under the CAT is DENIED.