**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 13-2196**

---

GREGORY BOBBY TAYLOR,

    Petitioner,

  v.

ERIC H. HOLDER, JR., Attorney General,

    Respondent.

---

On Petition for Review of an Order of the Board of Immigration Appeals.

---

Submitted: January 7, 2014   Decided: January 22, 2014

---

Before KING, AGEE, and THACKER, Circuit Judges.

---

Petition denied by unpublished per curiam opinion.

---

Gregory Bobby Taylor, Petitioner Pro Se. William Charles Peachey, Edward Earl Wiggers, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Gregory Bobby Taylor, a native and citizen of Jamaica, petitions for review of an order of the Board of Immigration Appeals ("Board") dismissing his appeal from the immigration judge's order denying his motion to reopen. We deny the petition for review.

We "review the denial of a motion to reopen for an abuse of discretion" and will reverse "only if it is arbitrary, irrational, or contrary to law." Mosere v. Mukasey, 552 F.3d 397, 400 (4th Cir. 2009) (internal quotation marks omitted); see also 8 C.F.R. § 1003.23(b)(1) (2013).

Under 8 U.S.C. § 1252(a)(2)(C) (2012), we lack jurisdiction, except as provided in 8 U.S.C. § 1252(a)(2)(D), to review the final order of removal of an alien convicted of certain enumerated crimes, including an aggravated felony. Under § 1252(a)(2)(C), we retain jurisdiction "to review factual determinations that trigger the jurisdiction-stripping provision, such as whether [Taylor] [i]s an alien and whether []he has been convicted of an aggravated felony." Ramtulla v. Ashcroft, 301 F.3d 202, 203 (4th Cir. 2002). If we are able to confirm these two factual determinations, then, under 8 U.S.C. § 1252(a)(2)(C), (D), we can only consider "constitutional claims or questions of law." See Mbea v. Gonzales, 482 F.3d 276, 278 n.1 (4th Cir. 2007).

2

When a person fails to appear for a removal hearing after having received written notice of the hearing, the immigration judge shall order that person removed in absentia if the Government establishes that the person is removable. 8 U.S.C. § 1229a(b)(5) (2012). Written notice of the time and place of the hearing is proper if given "in person to the alien (or, if personal service is not practicable, through service by mail to the alien or to the alien's counsel of record, if any)[.]" 8 U.S.C. § 1229(a)(1) (2012). Accordingly, the Government can establish proper notice by demonstrating that written notice of the time and place of the proceedings and of the consequences of a failure to appear, "were provided to the alien or the alien's counsel of record." 8 C.F.R. § 1003.26(c)(2) (2013).

Taylor does not contest the finding that he is removable for having been convicted of an aggravated felony. Thus, our review is limited to constitutional claims and questions of law. Taylor does not meaningfully challenge the Board's finding that notice of the hearing was sent to the Taylor's last known address and that he did not inform the immigration court of his new address when he moved. In any event, whether notice was properly sent is a question of fact and not a reviewable constitutional claim or question of law. See Lopez-Dubon v. Holder, 609 F.3d 642, 646-47 (5th Cir. 2010)

3

(whether an alien receives proper notice of a hearing is a factual finding).

Taylor's contention that he is eligible for deferral of removal under the Convention Against Torture does not present a reviewable issue because Taylor did not apply for such relief before the immigration judge.

Because we conclude that the Board did not err affirming the immigration judge's order denying the motion to reopen, we deny the petition for review. We deny as moot the motion to stay. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

PETITION DENIED