# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

January 23, 2020

Lyle W. Cayce
Clerk

No. 19-60223
Summary Calendar

DORA JACKELINE MEJIA CASTELLANO; JENNIFER JACKELINE LARIOS MEJIA; XOCHIL ABIGAIL LARIOS MEJIA; BRYAN JAHAZIEL LARIOS MEJIA; STEVEN JAVIER LARIOS MEJIA; FRANCISCO J. LARIOS CASTRO, also known as Francisco Javier Larios Castro,

Petitioners

v.

WILLIAM P. BARR, U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A206 316 207
BIA No. A206 316 208
BIA No. A206 316 209
BIA No. A206 316 210
BIA No. A206 316 211
BIA No. A206 316 212

Before BARKSDALE, HAYNES, and ENGELHARDT, Circuit Judges.

PER CURIAM:[*]

Petitioners seek review of the Board of Immigration Appeals' (BIA) dismissal of their appeal of an immigration judge's (IJ) denial of their

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

application for asylum, withholding of removal, and relief under the Convention Against Torture (CAT). They contend, *inter alia*: the IJ lacked jurisdiction over the removal proceedings because the Notices to Appear (NTAs) issued to them were defective, which rendered the removal proceedings a violation of due process; and the BIA erred in concluding they were not entitled to the relief sought. The Government contends petitioners failed to exhaust their CAT and due-process claims. It further contends the NTAs were sufficient and the BIA was correct in determining petitioners were not entitled to relief.

In 2013, lead petitioner Dora Jackeline Mejia Castellano, a native and citizen of Honduras, attempted to enter the United States along with her husband Francisco J. Larios Castro and her children Jennifer Jackeline Larios Mejia, Xochil Abigail Larios Mejia, Bryan Jahaziel Larios Mejia, and Steven Javier Larios Mejia. The Department of Homeland Security served them with NTAs, stating they were removable because they lacked valid entry documents. Petitioners conceded the charges, and an IJ consolidated their proceedings and sustained the charges.

Castellano applied for asylum, withholding of removal, and CAT relief, designating her husband and children as derivative beneficiaries. In proceedings before the IJ, Castellano was the only witness to testify. She testified: she actively supported a political party in Honduras; after she left a campaign event one night with her husband and youngest child, members of an opposing party approached, began to insult them, and ripped her shirt, which indicated her support for her party's candidate for the presidency; they warned her not to show up for an upcoming election "because if [she] did they were going to do something"; Castellano reported this incident to police; two or three nights later, she and her husband were awoken by neighbors yelling there were people outside their house; when the couple went out to investigate,

2

No. 19-60223

they found a gasoline tank and gasoline spread around the house; and this incident prompted them to leave the country.

The IJ denied relief, giving some weight to Castellano's testimony but finding it insufficient to establish entitlement to the relief requested. Petitioners challenged this ruling on appeal to the BIA. Relying on *Pereira v. Sessions*, 138 S. Ct. 2105 (2018), they claimed that, because the NTAs failed to specify the time and place at which they were to appear, the IJ never acquired jurisdiction. They further challenged the IJ's determination they were not entitled to relief.

The BIA rejected the assertion based on *Pereira* and concluded the incidents to which Castellano had attested neither qualified as past persecution nor established a well-founded fear of future persecution. Further, because petitioners did not claim to fear torture by public officials and "d[id] not meaningfully challenge" the IJ's finding public officials would be unlikely to acquiesce in their torture, the BIA found they failed to show error in the denial of CAT relief.

Circuit precedent forecloses petitioners' assertion that, because the issued NTAs failed to designate a time and place for the initial hearing, the IJ lacked jurisdiction and the removal proceedings contravened due process. *See Pierre-Paul v. Barr*, 930 F.3d 684, 689 (5th Cir. 2019), *petition for cert. filed*, — U.S.L.W.— (U.S. 16 Dec. 2019) (No. 19-779).

Petitioners assert the BIA erred by not addressing whether they had shown the Honduran government was unwilling or unable to protect them. Because this contention claims an error "stemming from the BIA's act of decisionmaking . . . that neither party could have possibly raised prior to the BIA's decision", a post-decision motion was required to exhaust it. *See Omari v. Holder*, 562 F.3d 314, 320–21 (5th Cir. 2009). No such motion was filed; accordingly, our court lacks jurisdiction to consider it. *See id.* at 321.

No. 19-60223

In reviewing the dismissal of petitioners' substantive claims for asylum, withholding of removal, and CAT relief, this court considers only the decision of the BIA, except to the extent the IJ's ruling affected that decision. *Orellana-Monson v. Holder*, 685 F.3d 511, 517 (5th Cir. 2012) (citation omitted). The BIA's factual findings are reviewed for substantial evidence, and are affirmed unless petitioners show the evidence in their favor "was so compelling that no reasonable factfinder could conclude against it". *Wang v. Holder*, 569 F.3d 531, 536–37 (5th Cir. 2009) (citations omitted).

Regarding petitioners' request for CAT relief and their contentions regarding due process, the Government contends they are unexhausted and that, accordingly, our court lacks jurisdiction. Because the BIA reached the merits of that claim, however, our jurisdiction is proper. *See Lopez-Dubon v. Holder*, 609 F.3d 642, 644–45 (5th Cir. 2010) (reaching issue on merits where BIA had done so, despite issue being improperly presented to BIA).

To qualify for asylum, an alien must show that (1) she was persecuted or has a well-founded fear of persecution, (2) "by the government or forces that a government is unable or unwilling to control", (3) on account of a protected ground, including "membership in a particular social group or political opinion". *Tesfamichael v. Gonzales*, 469 F.3d 109, 113 (5th Cir. 2006) (citations omitted). "The standard for obtaining withholding of removal is even higher than the standard for asylum, requiring a showing that it is more likely than not that the alien's life or freedom would be threatened by persecution on one of those [protected] grounds." *Orellana-Monson*, 685 F.3d at 518 (citation omitted). To obtain relief under the CAT, an alien must show, *inter alia*, that she would more likely than not be tortured if removed to the proposed country of removal. *Ramirez-Mejia v. Lynch*, 794 F.3d 485, 493 (5th Cir. 2015) (citation omitted).

4

No. 19-60223

Castellano testified she actively supported a political party in Honduras and alleges she was persecuted for her political beliefs on two occasions: first when members of an opposing party threatened and mistreated her, then when unidentified persons poured gasoline around her house. This evidence does not compel the conclusions these incidents were related, that the former incident rises to the level of persecution, or that the latter incident was based on Castellano's political opinions. Petitioners have not otherwise shown an objective likelihood of future persecution on a protected ground or that it is more likely than not they will be subjected to state-sanctioned torture in Honduras.

DISMISSED in part; DENIED in part.