# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

No. 19-60161
Summary Calendar

March 2, 2020

Lyle W. Cayce
Clerk

LESLY MARILU AYALA ROJAS; NAHOMY JASURI RODRIGUEZ AYALA,

Petitioners

v.

WILLIAM P. BARR, U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A209 838 823
BIA No. A209 838 824

Before BARKSDALE, HAYNES, and ENGELHARDT, Circuit Judges.

PER CURIAM:[*]

Lesly Marilu Ayala Rojas (Ayala), and derivative beneficiary Nahomy Jasuri Rodriguez Ayala (Rodriguez), are natives and citizens of Honduras. They concede their removability from the United States for entering it without valid entry documents, in violation of 8 U.S.C. § 1182(a)(7)(A)(i)(I), but petition for review of the Board of Immigration Appeals' (BIA) decision adopting and affirming the immigration judge's (IJ) denial of Ayala's application for asylum,

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

withholding of removal, and relief under the Convention Against Torture (CAT).

In her application for relief, Ayala alleged Mara 18 gang members in Honduras extorted money from her after she opened a small business. She also alleged they threatened her after she stopped paying them. She based her eligibility for relief on membership in a particular social group (PSG): "Honduran women who fear violence and delinquency in their home country".

Ayala claims: (1) the IJ and BIA incorrectly limited the definition of persecution to require physical harm; (2) the IJ and BIA created an improperly heightened legal standard for asylum by conflating elements of asylum eligibility during their analyses; (3) the IJ made no discrete finding, as required, concerning harm amounting to future persecution; (4) the IJ and BIA made legal and factual errors concerning the importance of her sex to the viability of her proposed PSG; (5) the IJ and BIA failed to apply a mixed-motive analysis to determine whether her persecution was on account of a protected ground; (6) remand is warranted in the light of *Cabrera v. Sessions*, 890 F.3d 153 (5th Cir. 2018); and (7) the Government failed to show she could safely relocate within Honduras. Her first claim fails, and the rest are dismissed for lack of jurisdiction. (Ayala has waived any claims concerning withholding of removal, CAT relief, and severing Rodriguez' derivative application for relief by failing to brief them on appeal. *See Thuri v. Ashcroft*, 380 F.3d 788, 793 (5th Cir. 2004) (per curiam) (citations omitted).)

In considering the BIA's decision (and the IJ's decision, to the extent it influenced the BIA), our court reviews legal conclusions *de novo* and factual findings for substantial evidence. *Orellana-Monson v. Holder*, 685 F.3d 511, 517–18 (5th Cir. 2012) (citations omitted). The determination an alien is ineligible for asylum is a factual finding. *Chen v. Gonzales*, 470 F.3d 1131, 1134 (5th Cir. 2006) (citations omitted). On substantial-evidence review, such

a factual finding will not be disturbed "unless the court decides not only that the evidence supports a contrary conclusion, but also that the evidence *compels* it". *Orellana-Monson*, 685 F.3d at 518 (emphasis in original) (internal quotation marks and citation omitted). In that regard, "petitioner has the burden of showing that the evidence is so compelling that no reasonable factfinder could reach a contrary conclusion". *Id.* (internal quotation marks and citation omitted).

"Asylum is discretionary and may be granted to an alien who is unable or unwilling to return to [her] home country because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a [PSG], or political opinion." *Zhang v. Gonzales*, 432 F.3d 339, 344 (5th Cir. 2005) (internal quotation marks and citation omitted). The alien seeking asylum must establish that one of these protected bases "was or will be at least one central reason for persecuting the applicant". *Tamara-Gomez v. Gonzales*, 447 F.3d 343, 348 (5th Cir. 2006) (citations omitted).

Importantly, PSG members "share a common immutable characteristic that they either cannot change or should not be required to change because it is fundamental to their individual identities or consciences". *Orellana-Monson*, 685 F.3d at 518 (internal quotation marks and citations omitted). A PSG has "social visibility", meaning "members of a society perceive those with the characteristic in question as members of a social group", and "particularity", meaning "the proposed group can accurately be described in a manner sufficiently distinct that the group would be recognized, in the society in question, as a discrete class of persons". *Id.* at 519 (citations omitted). A PSG cannot simply "be a catch[-]all for all persons alleging persecution who do not fit elsewhere". *Id.* at 518–19 (internal quotation marks and citation omitted).

No. 19-60161

Regarding Ayala's claim that the BIA applied an incorrect persecution standard, our court has generally held economic extortion and other crimes with financial motives, even with threats of harm, do not rise to the level of persecution. *See, e.g.*, *Castillo-Enriquez v. Holder*, 690 F.3d 667, 668 (5th Cir. 2012) (citations omitted). Ayala is correct that economic extortion can rise to the level of persecution under certain circumstances. But she cites no authority compelling a finding that the criminal extortion she faced caused the substantial degree of economic harm—"deliberate imposition of severe economic disadvantage"—sufficient to establish persecution. *See Abdel-Masieh v. INS*, 73 F.3d 579, 583–84 (5th Cir. 1996) (citation omitted).

Ayala did not raise before the BIA any of the remaining issues she raises here. Our court generally lacks jurisdiction over issues not exhausted before the BIA. *See Omari v. Holder*, 562 F.3d 314, 318–19 (5th Cir. 2009) (citations omitted). That said, we do have jurisdiction over issues the BIA addressed "on the merits[,] . . . even if the issue[s] [were] not properly presented to the BIA itself". *See Lopez-Dubon v. Holder*, 609 F.3d 642, 644 (5th Cir. 2010) (citation omitted). Consequently, we have jurisdiction to review the remaining issues to the extent the BIA discussed their merits. *See id.* (citation omitted).

In its opinion, the BIA correctly outlined the law of asylum. It then agreed with the IJ's findings that Ayala's proposed PSG was not cognizable and that the gang members were motivated by criminal financial gain. It did not, however, address the *merits* of the second, third, fourth, fifth, sixth, and seventh issues Ayala raises. Because she failed to otherwise exhaust those specific claims before the BIA, we lack jurisdiction to address them. *See Omari*, 562 F.3d at 318–19 (citations omitted).

DISMISSED IN PART and DENIED IN PART.