# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

May 26, 2020

Lyle W. Cayce
Clerk

No. 18-60469

HENRY C. ANEKWU,

Petitioner

v.

WILLIAM P. BARR, U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of Order of the
Board of Immigration Appeals
BIA No. A087 618 083

Before OWEN, Chief Judge, and SOUTHWICK and OLDHAM, Circuit Judges.

PER CURIAM:[*]

The petitioner claims that he should have been returned to Canada under an agreement between the United States and Canada rather than ordered removed to his home country of Nigeria. The immigration judge ("IJ") and the Board of Immigration Appeals ("BIA") disagreed. We DISMISS in part and DENY the remainder of the petition for review.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-60469

## FACTUAL AND PROCEDURAL BACKGROUND

Henry Anekwu is a native and citizen of Nigeria. He moved to Canada in 1995, where he married, had two children, and later divorced. On December 23, 2009, he was extradited to the United States from Canada for prosecution for mail fraud, wire fraud, and telemarketing fraud against the elderly. To allow Anekwu's prosecution, the Department of Homeland Security ("DHS") paroled him into the United States. He was convicted and sentenced to 108 months of imprisonment. *United States v. Anekwu*, 695 F.3d 967, 970–72 (9th Cir. 2012).

In May 2017, while Anekwu was still in prison, the DHS initiated the expedited removal process under 8 U.S.C. § 1225(b)(1), charging Anekwu with inadmissibility based on his applying for admission without an immigrant visa. After being transferred to DHS custody, Anekwu expressed fear of returning to Nigeria, causing him to be referred to an asylum officer for a credible fear interview. Anekwu asserted that he feared being killed upon his return to Nigeria because he was gay. The asylum officer determined Anekwu was credible, and the DHS issued a Notice to Appear. That notice indicates that the expedited removal proceedings were vacated pursuant to 8 C.F.R. § 208.30, which provides that an alien with a credible fear of persecution or torture will receive a full consideration of his claims in proceedings under 8 U.S.C. § 1229a.

Anekwu requested deferral of removal under the Convention Against Torture. He suggested that the Safe Third Country Agreement between the United States and Canada might apply. The IJ found by a preponderance of the evidence that the Agreement did not apply because Anekwu had not sought asylum immediately at the land border port of entry. The IJ also denied relief under the Convention Against Torture, finding that Anekwu was not credible. The BIA dismissed Anekwu's appeal, and Anekwu filed a timely petition for review.

2

No. 18-60469

DISCUSSION

Although appellate review of determinations about the Safe Third Country Agreement is limited, 8 U.S.C. § 1158(a)(3), our jurisdiction extends to pure questions of law. § 1252(a)(2)(D). Anekwu argues that the IJ and BIA lacked jurisdiction to review whether the Safe Third Country Agreement applied. Anekwu did not present this argument to the BIA, so we lack jurisdiction to consider it. *Lopez-Dubon v. Holder*, 609 F.3d 642, 644 (5th Cir. 2010). Regardless, the IJ had jurisdiction under 8 C.F.R. § 1240.11(g)(1).

Anekwu also argues that the IJ and BIA erred in determining he was not subject to the Safe Third Country Agreement. Agreement Between the Government of the United States of America and the Government of Canada for Cooperation in the Examination of Refugee Status Claims from Nationals of Third Countries, Canada–U.S., art. 4, Dec. 5, 2002, T.I.A.S. No. 04-1229, https://2009-2017.state.gov/s/l/38616.htm. Under the Safe Third Country Agreement, an alien claiming refugee status at a "land border port of entry" is returned to the country from where he was coming, unless an exception applies. *Id.* at art. 4, ¶ 1. The "country of last presence" adjudicates any refugee-status claims, rather than the country the alien tried to enter. *Id.*

The United States may not consider an alien's application for asylum, withholding of removal, or protection under the Convention Against Torture if the alien may be removed pursuant to the Safe Third Country Agreement. 8 U.S.C. § 1158(a)(2)(A). Even though Anekwu was an arriving alien originally in expedited removal proceedings, he did not make a claim of refugee status at a "land border port of entry." Accordingly, he was not subject to the Agreement.

Anekwu also contends that the IJ erred in designating Nigeria as the country of removal. Because Anekwu did not exhaust his administrative remedies by presenting this issue to the BIA, we lack jurisdiction over this claim. *Lopez-Dubon,* 609 F.3d at 644.

3

No. 18-60469

Last, Anekwu questions the constitutional validity of his underlying criminal conviction. An alien may not collaterally attack his criminal conviction in immigration proceedings, and we will not consider the claim. *Singh v. Holder*, 568 F.3d 525, 528 (5th Cir. 2009).

Insofar as we have jurisdiction, the petition for review is DENIED. In all other respects, the petition for review is DISMISSED.