# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

February 3, 2022

Lyle W. Cayce
Clerk

No. 20-61169
Summary Calendar

Cristibel Gutierrez-De Rivas; Maria Belen Rivas-Gutierrez,

*Petitioners*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of
the Board of Immigration Appeals
No. A 208 685 129
No. A 208 685 130

Before Smith, Stewart, and Graves, *Circuit Judges*.

Per Curiam:*

Cristibel Gutierrez-De Rivas is a native and citizen of El Salvador. On behalf of herself and her daughter, Maria Belen Rivas-Gutierrez, she petitions for review of an order by the Board of Immigration Appeals ("BIA")

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-61169

dismissing her appeal from the denial by an immigration judge ("I.J.") of her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT").

This court reviews the final decision of the BIA and will consider the I.J.'s decision only where it influenced the decision of the BIA. *Zhu v. Gonzales*, 493 F.3d 588, 593 (5th Cir. 2007). Factual findings are reviewed for substantial evidence and legal questions *de novo*. *Orellana-Monson v. Holder*, 685 F.3d 511, 517–18 (5th Cir. 2012). Under the substantial evidence standard, this court may not overturn a factual finding, such as whether an applicant is eligible for asylum, withholding of removal, or CAT relief, unless the evidence compels a contrary result. *See Martinez-Lopez v. Barr*, 943 F.3d 766, 769 (5th Cir. 2019); *Chen v. Gonzales*, 470 F.3d 1131, 1134 (5th Cir. 2006).

Gutierrez-De Rivas challenges the BIA's decision that she lacked credibility and maintains that she is entitled to relief on the merits. The government avers that Gutierrez-De Rivas failed meaningfully to present any of her arguments to the BIA and that this court lacks jurisdiction under 8 U.S.C. § 1252(d)(1) to consider them for the first time.

Although Gutierrez-De Rivas did not file a brief in support of her administrative appeal, the BIA reviewed both the I.J.'s adverse-credibility determination and its alternative decision that Gutierrez-De Rivas was not eligible for asylum and withholding of removal. Those issues have accordingly been exhausted, and we have jurisdiction to consider them, notwithstanding the potential defects in their posture before the BIA. *See Mirza v. Garland*, 996 F.3d 747, 753 (5th Cir. 2021); *Lopez-Dubon v. Holder*, 609 F.3d 642, 644–65 (5th Cir. 2010)). We lack jurisdiction to consider Gutierrez-De Rivas's CAT claim, however, because the BIA did not deem that claim to be sufficiently presented to consider it on the merits. *See Mirza*, 996 F.3d 753.

Despite Gutierrez-De Rivas's assertions to the contrary, the I.J.'s

adverse-credibility determination was supported by specific reasons based on the evidence presented and was, under the totality of the circumstances, substantially reasonable. *See Singh v. Sessions*, 880 F.3d 220, 225–26 (5th Cir. 2018). Because that determination was supported by "specific and cogent reasons," the record does not compel a finding that Gutierrez-De Rivas was credible or that no reasonable factfinder could have made an adverse credibility finding. *See Zhang v. Gonzales*, 432 F.3d 339, 344 (5th Cir. 2005). The lack of credible evidence precluded Gutierrez-De Rivas from meeting her burden of proof for asylum and withholding of removal. *See Dayo v. Holder*, 687 F.3d 653, 658 (5th Cir. 2012).

DENIED.