# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
August 4, 2022

Lyle W. Cayce
Clerk

No. 21-60786
Summary Calendar

Silvana Ferreira Alves-Ribeiro,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A098 886 535

Before Southwick, Oldham, and Wilson, *Circuit Judges*.

Per Curiam:*

Silvana Ferreira Alves-Ribeiro, a native and citizen of Brazil, petitions for review of the Board of Immigration Appeals's (BIA) decision denying her motion to reconsider its dismissal of her appeal. That appeal concerned an

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-60786

Immigration Judge's (IJ) denial of her motion to reopen and to rescind a removal entered *in absentia* in 2006.

We review the BIA's denial of a motion to reconsider under the highly deferential abuse-of-discretion standard. *Hernandez-Castillo v. Sessions*, 875 F.3d 199, 203 (5th Cir. 2017). Under this standard, we "must affirm the BIA's decision as long as it is not capricious, without foundation in the evidence, or otherwise so irrational that it is arbitrary rather than the result of any perceptible rational approach." *Gomez-Palacios v. Holder*, 560 F.3d 354, 358 (5th Cir. 2009).

It is undisputed that Alves-Ribeiro filed her motion to reopen well beyond the 90-day time frame established by 8 U.S.C. § 1229a(c)(7)(C)(i). Nevertheless, Alves-Ribeiro contends that she is entitled to reconsideration based on changed country conditions in Brazil. Because Alves-Ribeiro has failed to show a "material change," the BIA did not abuse its discretion in denying her motion to reconsider. *See Nunez v. Sessions*, 882 F.3d 499, 509–10 (5th Cir. 2018).

We have no basis to address Alves-Ribeiro's arguments that she has demonstrated the elements of an asylum claim or that the IJ acted improperly as these arguments can only be considered in the context of the motion, and the motion has no basis without changed country conditions. *See* 8 C.F.R. § 1003.23(b)(4)(i). To the extent she argues that the BIA committed a due process violation by denying her motion, we have foreclosed such an argument. *See Mejia v. Barr*, 952 F.3d 255, 260–61 (5th Cir. 2020).

We dismiss the argument that Alves-Ribeiro is eligible for cancellation of removal because of exceptional hardship, as this claim was not argued before the BIA and so is unexhausted. *See Lopez-Dubon v. Holder*, 609 F.3d 642, 644 (5th Cir. 2010).

PETITION DENIED IN PART, DISMISSED IN PART.