# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
January 6, 2023

Lyle W. Cayce
Clerk

————————

No. 22-60128
Summary Calendar

————————

Vijay Kumar,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

————————————————————

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A209 157 570

————————————————————

Before Davis, Smith, and Douglas, *Circuit Judges.*

Per Curiam:[*]

Vijay Kumar, a native and citizen of India, timely petitions us for review of a decision of the Board of Immigration Appeals denying his past and future persecution asylum claims.

On petition for review of a BIA decision, this court reviews factual findings for substantial evidence and questions of law de novo. *Lopez-Gomez*

————————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 22-60128

*v. Ashcroft*, 263 F.3d 442, 444 (5th Cir. 2001). The substantial-evidence standard applies to review of decisions denying asylum, withholding of removal, and relief under the CAT. *Zhang v. Gonzales*, 432 F.3d 339, 344 (5th Cir. 2005). This standard requires that the BIA's conclusion be based on the evidence presented and that its decision be substantially reasonable. *Id.* Under this standard, reversal is improper unless the evidence compels a contrary conclusion. *Carbajal-Gonzalez v. INS*, 78 F.3d 194, 197 (5th Cir. 1996).

We are not compelled to find that the harm Kumar experienced in the past is persecution. *See Gjetani v. Barr*, 968 F.3d 393, 397 (5th Cir. 2020); *see also Morales v. Sessions*, 860 F.3d 812, 816 (5th Cir. 2017). To the extent he argues that the Board did not consider psychological harm, this argument is unexhausted. *See Lopez-Dubon v. Holder*, 609 F.3d 642, 644 (5th Cir. 2010). The fear of future persecution arguments are also unexhausted. *Id.*

DENIED in part, DISMISSED in part.