# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 14, 2013

Lyle W. Cayce
Clerk

No. 12-60538
Summary Calendar

REYLLA DENIS FERRAZ-DA SILVA,

Petitioner

v.

ERIC H. HOLDER, JR., U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A200 025 831

Before JONES, DENNIS, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Reylla Denis Ferraz-Da Silva, a native and citizen of Brazil, petitions this court for review of an order of the Board of Immigration Appeals (BIA) dismissing her appeal of an immigration judge's (IJ) denial of her motion to reopen removal proceedings.

In 2005, Ferraz-Da Silva was ordered removed in absentia when she did not appear for her removal hearing as ordered in the notice to appear that was personally served on her the day after she entered the United States. She argues that the BIA should have permitted her to reopen her case on the ground

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

that the Due Process Clause required the Government to provide her with oral notice in her native language of Portugese of the immigration hearing and the consequences of failing to appear. We review her due process challenge de novo. *Heaven v. Gonzales*, 473 F.3d 167, 171 (5th Cir. 2006). Aliens are entitled to due process during removal proceedings including notice that is "'reasonably calculated, under all the circumstances, to apprise [them] of the pendency of the action and afford them an opportunity to present their objections.'" *Lopez-Dubon v. Holder*, 609 F.3d 642, 646 (5th Cir. 2010) (quoting *Mullane v. Cent. Hanover Bank & Trust*, 339 U.S. 306, 314 (1950)).

Ferraz-Da Silva concedes that the notice that she received complied with the relevant statute and that immigration officials were not statutorily required to provide oral notice in her native language of her hearing and the consequences of failing to appear. *See* 8 U.S.C. § 1229(a)(1). She cites no authority to support her contention that due process nonetheless required this form of notice. In any event, the BIA determined that officials notified Ferraz-Da Silva in Portugese of the date of her hearing and the consequences of failing to appear. This factual finding was based on substantial evidence, including the statements in the notice to appear and elsewhere in Ferraz-Da Silva's immigration file that this information was conveyed to her in Portugese. *See Gomez-Palacios*, 560 F.3d 354, 358 (5th Cir. 2009). Thus, she has not shown that her notice ran afoul of due process.

She also contends that she was denied due process because she was not afforded an evidentiary hearing before the IJ decided her motion. However, she cannot establish a due process violation because she did not request a hearing and because the decision whether to grant a motion to reopen is purely discretionary, and "the denial of discretionary relief does not rise to the level of a constitutional violation even if the moving party had been eligible for it." *Altamirano-Lopez v. Gonzales*, 435 F.3d 547, 550 (5th Cir. 2006) (internal quotation marks, citations, and brackets omitted).

No. 12-60538

Accordingly the petition for review is DENIED.