# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-60133
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
February 10, 2014

Lyle W. Cayce
Clerk

MUHAMMAD JUNAID DHADUK,

Petitioner

v.

ERIC H. HOLDER, JR., U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A099 614 775

Before REAVLEY, JONES, and PRADO, Circuit Judges.

PER CURIAM:[*]

Muhammad Junaid Dhaduk, a native and citizen of Pakistan, petitions for review of the order of the Board of Immigration Appeals (BIA) dismissing his appeal of the order of the immigration judge (IJ) finding him removable and denying his applications for withholding from removal and protection under the Convention Against Torture (CAT).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-60133

First, Dhaduk challenges the IJ's determination that his testimony during his removal proceedings was not credible and the BIA's determination that the IJ's adverse credibility decision was not clearly erroneous. We review the decision of the BIA, as well as the decision of the IJ, because the BIA approved of and relied upon the IJ's decision. *See Wang v. Holder*, 569 F.3d 531, 536 (5th Cir. 2009). We defer to the IJ's credibility determination "unless from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Id.* at 538 (internal quotation marks and citation omitted).

The IJ and the BIA pointed to specific instances in the record where Dhaduk's testimony was either evasive, internally inconsistent, or inconsistent with his application for relief and the sworn statement attached thereto. Thus, the adverse credibility determination in this case is "supported by specific and cogent reasons derived from the record." *See Zhang v. Gonzales*, 432 F.3d 339, 344 (5th Cir. 2005). Dhaduk argues that he testified candidly that he could not remember events sequentially and that some events he remembered only as he was testifying. These arguments touch upon some, but not all, of the reasons for the adverse credibility determinations. After reviewing the administrative record in this case, we conclude that Dhaduk has failed to show that "it is plain that no reasonable fact-finder could make an adverse credibility ruling" against him. *See Wang*, 569 F.3d at 538 (internal quotation marks and citations omitted).

Next, Dhaduk argues that the IJ and the BIA erred in determining that he was not eligible for withholding of removal. After finding that neither Dhaduk nor his wife had testified credibly, the IJ considered Dhaduk's claim for withholding of removal and denied the claim. The BIA agreed with the IJ that Dhaduk had not met his burden of proof for withholding of removal in

No. 13-60133

light of his incredible testimony and the absence of other independent evidence supporting the claim.

To obtain withholding of removal, an applicant must show a clear probability that he will be persecuted upon his return to his home country. *Roy v. Ashcroft*, 389 F.3d 132, 138 (5th Cir. 2004). "A clear probability means that it is more likely than not that the applicant's life or freedom would be threatened by persecution on account of either his race, religion, nationality, membership in a particular social group, or political opinion." *Id.* The BIA agreed with the IJ that Dhaduk's incredible testimony could not be used to support his claim for withholding of removal and that there was insufficient independent evidence to meet his burden of proof. In his petition for review, Dhaduk does not make any argument with respect to the determination that there was insufficient evidence independent of his own testimony to meet his burden of proof. Dhaduk has thus failed to show that the BIA's decision, *i.e.*, that he had not established a claim for withholding of removal, is not supported by substantial evidence. *See Bouchikhi v. Holder*, 676 F.3d 173, 176, 181 (5th Cir. 2012); *Zamora-Morel v. INS*, 905 F.2d 833, 838 (5th Cir. 1990). Accordingly, Dhaduk's petition for review, to the extent it challenges the adverse credibility determination and the denial of his claim for withholding of removal, is denied.

Finally, Dhaduk argues that he proved his eligibility for relief under the CAT and that the BIA erred in upholding the IJ's denial of such relief. The administrative record indicates that Dhaduk never challenged the IJ's denial of relief under the CAT before the BIA and that the BIA considered the issue waived. Because Dhaduk did not raise this claim before the BIA, he has not exhausted it, and we lack jurisdiction to review it. *See* 8 U.S.C. § 1252(d)(1); *Lopez–Dubon v. Holder*, 609 F.3d 642, 644 (5th Cir. 2010). We therefore

dismiss that portion of Dhaduk's petition challenging the IJ's denial of relief under the CAT.

PETITION FOR REVIEW DENIED IN PART and DISMISSED IN PART.