# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
September 14, 2020

Lyle W. Cayce
Clerk

No. 19-60378
Summary Calendar

GRACE KABOH,

*Petitioner*,

*versus*

WILLIAM P. BARR, U. S. ATTORNEY GENERAL,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A208 923 800

Before KING, SMITH, and WILSON, *Circuit Judges*.

PER CURIAM:*

Grace Kaboh, a native and citizen of Cameroon, filed a petition for review of a decision by the Board of Immigration Appeals (BIA). The BIA denied Kaboh's implied motion to remand the case to the immigration judge (IJ) for the consideration of new evidence and dismissed her appeal of the IJ's

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

denial of her application for asylum, withholding of removal (WOR), and protection under the Convention Against Torture (CAT).

Kaboh fails specifically to challenge the BIA's denial of her claims for WOR and protection under the CAT. Thus, she has abandoned any argument that the BIA's denial of these claims was erroneous. *See Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003); *Yohey v. Collins*, 985 F.2d 222, 224–25 (5th Cir. 1993).

Similarly, Kaboh fails specifically to challenge the BIA's denial of her implied motion to remand the case to the IJ for the consideration of newly submitted evidence in the form of medical records, photographs, letters, and news articles. But even assuming Kaboh sufficiently raises this issue by asserting that her attorney failed to submit her medical records in the IJ proceedings and by simply relying on the remaining new evidence, her challenge nevertheless lacks merit.

A motion seeking remand for the IJ to consider new evidence may be granted only if the "evidence sought to be offered is material and was not available and could not have been discovered or presented at the former hearing." *Milat v. Holder*, 755 F.3d 354, 365 (5th Cir. 2014) (internal quotation marks and citation omitted). In the BIA proceedings, Kaboh essentially acknowledged that her newly submitted medical records were available and could have been presented at the IJ's hearing. More generally, Kaboh asserted that her attempts to obtain additional corroborative evidence were limited by the Cameroonian government's intentional disruption of internet service in her region of the country. However, Kaboh neglected to offer a specific explanation as to why any particular item of the remaining new evidence that predated the IJ's hearing could not have been presented at the hearing. With respect to the news articles and other documents that postdate the IJ's hearing, such that they could not have been presented, Kaboh failed

to explain how those documents were material to her case.  Because Kaboh has not established that the BIA's denial of her implied motion to remand was capricious, irrational, or arbitrary, the BIA did not abuse its discretion.  *See Milat*, 755 F.3d at 365.

Finally, Kaboh contests the BIA's factual determination that she did not satisfy the statutory requirements for asylum.  *See id.* at 360; *Zhang v. Gonzales*, 432 F.3d 339, 344 (5th Cir. 2005) (describing the asylum determination as a factual issue).  Kaboh asserts that she suffered past persecution, or had a well-founded fear of future persecution, due to her August 2015 arrest and the January 2016 break-in at her home by Cameroonian police.  According to Kaboh, those police actions were taken on account of her political opinion as expressed in her television interview of an opposition leader and her stated desire to broadcast the Boko Haram videos in her possession.

Generally, we have authority to review only the BIA's decision.  But we will review the IJ's findings of fact and conclusions of law if, as here, the BIA adopted them.  *Wang v. Holder*, 569 F.3d 531, 536 (5th Cir. 2009); *Efe v. Ashcroft*, 293 F.3d 899, 903 (5th Cir. 2002).  In this case, the BIA accepted the IJ's determination that Kaboh neglected to provide reasonably available supporting evidence to corroborate certain necessary underlying facts, including that she was a well-known television journalist in Cameroon; that she possessed Boko Haram videos; and that she had been arrested, detained, and injured by Cameroonian police in August 2015.  Specifically, the IJ reasoned that Kaboh had failed to provide more compelling photographs or video footage substantiating her television work; copies of the Boko Haram videos or letters from those who personally saw them; a statement from the person who posted her bail after the August 2015 arrest and detention; and medical records or letters documenting her injuries arising from that incident.

No. 19-60378

Even when, as in this case, there is credible testimony by the applicant, an asylum application can properly be denied due to the applicant's failure to provide reasonably available corroborating information. *Yang v. Holder*, 664 F.3d 580, 584–85, 587 (5th Cir. 2011). Kaboh failed to demonstrate that a reasonable trier of fact would be compelled to conclude that the corroborating evidence sought by the IJ was unavailable. *See id.* To the extent that Kaboh presented new arguments and evidence supporting her asylum claim in the BIA proceeding, and the BIA did not consider the new arguments and evidence, Kaboh has failed to exhaust her administrative remedies, and we lack jurisdiction to consider those new issues. *See Lopez-Dubon v. Holder*, 609 F.3d 642, 644 (5th Cir. 2010). Moreover, because the BIA's factual determination that Kaboh was not entitled to asylum was supported by record evidence and was substantially reasonable, the denial of Kaboh's asylum claim was not erroneous. *Shaikh v. Holder*, 588 F.3d 861, 863 (5th Cir. 2009); *Zhang*, 432 F.3d at 344.

Accordingly, the petition for review is DENIED.