# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

December 29, 2021

Lyle W. Cayce
Clerk

No. 20-61039
Summary Calendar

Lois Vanessa Alvarez-Espinal,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A098 993 518

Before Owen, *Chief Judge*, and Southwick and Wilson, *Circuit Judges*.

Per Curiam:[*]

Lois Vanessa Alvarez-Espinal, a native and citizen of Honduras, has petitioned for review of an order of the Board of Immigration Appeals (BIA) dismissing her appeal and upholding the denial of her motion to reopen removal proceedings. We review the denial under a highly deferential abuse-

---

[*] Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-61039

of-discretion standard. *Nunez v. Sessions*, 882 F.3d 499, 505 (5th Cir. 2018) (per curiam). The BIA's decision will be upheld if it is not capricious, irrational, or without foundation in the evidence and does not rely on legally incorrect interpretations of statutes or regulations or on unexplained departures from regulations or established policies. *Ramos-Portillo v. Barr*, 919 F.3d 955, 958 (5th Cir. 2019). We review conclusions of law de novo and findings of fact for substantial evidence. *See Orellana-Monson v. Holder*, 685 F.3d 511, 517-18 (5th Cir. 2012).

Alvarez-Espinal asserts that the BIA erred in upholding the denial of her motion to reopen because she was not properly served with a sufficient notice to appear (NTA) and did not receive adequate notice of the removal hearing. She alleges that the NTA, which omitted a specific date or time for the initial hearing, was not a valid charging document and did not provide proper notice of the removal proceedings. She further maintains that personal service of the NTA on her was ineffective because she was only fifteen years old at the time and argues that her due process rights were violated.

Her claim that the NTA was not a valid charging document because it did not state the time and date of a removal hearing lacks merit. *See Maniar v. Garland*, 998 F.3d 235, 242 & n.2 (5th Cir. 2021). Also, because Alvarez-Espinal did not give any address information, she was not entitled to written notice of the removal hearing and may not request recission of the in absentia removal order due to the alleged inadequacy of the notice that she received. *See* 8 U.S.C. § 1229a(b)(5)(B); *see also* 8 U.S.C. § 1229(a)(1)(F)(i). She has offered no support for her claim that her age makes her case distinguishable, and the BIA regulation as to service-of-notice requirements for immigration matters states that service on an adult is required only if the minor is under fourteen years of age. *See* 8 C.F.R. § 103.8(c)(ii); *Lopez-Dubon v. Holder*, 609 F.3d 642, 645-46 (5th Cir. 2010). She otherwise has not alleged a due process

2

No. 20-61039

violation on this or any other ground based on the facts of this case.  *See Luna-Garcia v. Barr*, 932 F.3d 285, 292-93 (5th Cir. 2019), *cert. denied*, 141 S. Ct. 157 (2020); *Lopez-Dubon*, 609 F.3d at 646-47; *Gomez-Palacios v. Holder*, 560 F.3d 354, 361 n.2 (5th Cir. 2009).

Alvarez-Espinal also argues that the BIA erred in upholding the denial of her motion to reopen because she provided sufficient evidence of changed country conditions in Honduras.  She asserts that she offered ample evidence that homicide and violence against women have substantially increased and alleges that the BIA disposed of her claim without much explanation.

On appeal, she fails to present a detailed argument as to how country conditions have materially changed and does not meaningfully compare the conditions at the time of her order of removal with those at the time of her motion to reopen.  *See Nunez*, 882 F.3d at 508-09; *Ramos-Lopez v. Lynch*, 823 F.3d 1024, 1026 (5th Cir. 2016).  The record does not otherwise establish that the BIA's decision lacked foundation in the evidence, *see Ramos-Portillo*, 919 F.3d at 958, or that the evidence compels a contrary conclusion, *see Orellana-Monson*, 685 F.3d at 518.  The records offered by Alvarez-Espinal reflect that there is some evidentiary foundation for the determination that any increase in violence against women was incremental and not materially different.  *See Nunez*, 882 F.3d at 508-09.  The BIA's explanation for disposing of Alvarez-Espinal's claim of changed country conditions, although brief, was sufficient. *See Roy v. Ashcroft*, 389 F.3d 132, 139 (5th Cir. 2004) (per curiam).

Accordingly, the petition for review is DENIED.