# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
January 5, 2022

Lyle W. Cayce
Clerk

No. 20-60771
Summary Calendar

Betsy Aletandra Vasquez-Canas; Jimena Dayana
Vasquez-Canas,

*Petitioners*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA Nos. A213 447 680, A213 447 681

Before Owen, *Chief Judge*, and Smith and Elrod, *Circuit Judges*.

Per Curiam:*

Petitioners Jimena Vasquez-Canas and Betsy Aletandra Vasquez-Canas are the minor children of Katheline Canas-Mayora, and they are natives and citizens of El Salvador. They seek review of the dismissal by the

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-60771

Board of Immigration Appeals (BIA) of their appeal from the denial of their applications for asylum and withholding of removal by the Immigration Judge (IJ).

On review of an order of the BIA, we examine "the BIA's decision and only consider the IJ's decision to the extent that it influenced the BIA." *Shaikh v. Holder*, 588 F.3d 861, 863 (5th Cir. 2009). Because the BIA agreed with the IJ's analysis and conclusions, we review both decisions. *Id.*

The petitioners argue that the IJ erroneously failed to consider their asylum and withholding of removal cases independently of their mother's case, resulting in a denial of their due process right to a full and fair hearing. In connection with their asylum claims, they argue that the BIA and IJ erred by failing to consider their harm and the different nexuses for such harm. The petitioners also argue that they would qualify for membership in a different particular social group than their mother, such as "children who fled a violent parent" or "family of their mother or non-biological child of an El Salvadoran parent."     Regarding withholding of removal, they argue that their withholding claims by law cannot be derivative of their mother's claim and so the IJ was required to consider their claims separately.

The respondent argues that the petitioners have waived a challenge to the merits denial of their derivative asylum claims because they have raised no specific challenge to the merits denial of their mother's asylum application. The respondent is correct that the petitioners have made no argument challenging the denial of their mother's asylum claim on the merits. Because their asylum claims were derivative of their mother's claim, they have waived review of their derivative asylum claims. *See Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003); *see also Calderon-Ontiveros v. I.N.S.*, 809 F.2d 1050, 1052 (5th Cir. 1986). The petition for review as to this claim is DENIED.

2

No. 20-60771

In response to the petitioners' argument that the IJ and BIA should have analyzed their asylum claims separately because they filed their own applications and their claims were not derivative, the respondent argues that the petitioners have failed to exhaust this due process claim.

We may only review a final order of removal in cases in which the petitioner exhausted all administrative remedies of right. 8 U.S.C. § 1252(d)(1). "Failure to exhaust an issue creates a jurisdictional bar as to that issue." *Roy v. Ashcroft*, 389 F.3d 132, 137 (5th Cir. 2004). Due process claims generally do not need to be exhausted, except "for procedural errors that are correctable by the BIA." *Id*. Thus, we lack jurisdiction over any procedural claim not raised with the BIA "that the BIA has adequate mechanisms to address and remedy," even when the claim "is couched in terms of a due process violation." *Id*. (quoting *Goonsuwan v. Ashcroft*, 252 F.3d 383, 389-90 (5th Cir. 2001)).

To exhaust an issue, a petitioner must raise the issue before the BIA on direct appeal or in a motion to reopen. *Omari v. Holder*, 562 F.3d 314, 318 (5th Cir. 2009). Fair presentation requires the petitioner bring the issue to the BIA's attention to give the BIA an opportunity to consider it. *Id*. at 321. However, "[i]f the BIA deems an issue sufficiently presented to consider it on the merits, such action by the BIA exhausts the issue . . . ." *Lopez-Dubon v. Holder*, 609 F.3d 642, 644 (5th Cir. 2010) (quoting *Sidabutar v. Gonzales*, 503 F.3d 1116, 1120 (10th Cir. 2007)).

Although the petitioners did not couch their argument in terms of a denial of due process in their appeal to the BIA, they did argue in their brief before the BIA that the IJ should have assessed their applications for asylum and withholding of removal separately from their mother's application because they suffered different harms. They also argued that the IJ erred by failing to conduct a separate nexus analysis with regard to them. The BIA

3

addressed the petitioners' argument, concluding that the children were derivatives of Canas-Mayora's applications for relief, and that separate consideration of the children's claims would not impact the outcome of the case. Thus, their broader argument is exhausted because the BIA addressed it. However, although they argued that the IJ should have conducted a separate nexus analysis, they did not suggest a particular social group (PSG) to which they allegedly belonged that could have established the nexus to a protected ground.

The Attorney General has the discretion to grant asylum to refugees. 8 U.S.C. § 1158(b)(1); *Jukic v. I.N.S.*, 40 F.3d 747, 749 (5th Cir. 1994). A person qualifies as a refugee if he or she (1) is outside of his or her country and is unable or unwilling to return to that country because of past persecution or a well-founded fear of future persecution and (2) demonstrates that his or her "'race, religion, nationality, *membership in a particular social group*, or political opinion was or will be at least one central reason' for the persecution." *Orellana-Monson v. Holder*, 685 F.3d 511, 518 (5th Cir. 2012) (quoting *Tamara-Gomez v. Gonzales*, 447 F.3d 343, 348 (5th Cir. 2006)). The applicant seeking asylum is required to prove some nexus between the persecution and at least one of the five protected grounds listed in § 1158(b)(1)(B)(i); in other words, the applicant must prove that a protected ground "was or will be at least one central reason" for the persecution. *See* § 1158(b)(1)(B)(i); *Shaikh v. Holder*, 588 F.3d 861, 864 (5th Cir. 2009). The applicant bears the burden of proof of establishing that he or she is a refugee. 8 C.F.R. § 1208.13(a). If the applicant fails to meet the less stringent standard of proof required for asylum relief, he or she "is necessarily also unable to establish an entitlement to withholding of removal." *Dayo v. Holder*, 687 F.3d 653, 658-59 (5th Cir. 2012) (quoting *Anim v. Mukasey*, 535 F.3d 243, 253 (4th Cir. 2008)).

No. 20-60771

To be a member of a PSG, an alien must belong to "a group of persons that share a common immutable characteristic that they either cannot change or should not be required to change because it is 'fundamental to their individual identities or consciences.'" *Orellana-Monson*, 685 F.3d at 518 (quoting *Mwembie v. Gonzales*, 443 F.3d 405, 414-15 (5th Cir. 2006)). In addition to immutability, a PSG has "social visibility," meaning that its members are readily identifiable in society based on the shared characteristic. *Id.* at 519. It also has "particularity," meaning that the group can be defined in a manner "sufficiently distinct" such that it "would be recognized, in the society in question, as a discrete class of persons." *Id.* (quoting *Matter of S-E-G-*, 24 I. & N. Dec. 579, 584 (B.I.A. 2008)). Such groups must have defined boundaries and limiting characteristics other than the risk of persecution. *Id.* at 518 (noting that the risk of persecution, alone, does not create a PSG). Further, the term, PSG, "should not be a 'catch all' for all persons alleging persecution who do not fit elsewhere." *Id.* at 518-19 (quoting *Castillo-Arias v. United States Att'y Gen.*, 446 F.3d 1190, 1198 (11th Cir. 2006)).

We cannot consider on a petition for review a new PSG claim that the asylum or withholding applicant failed to raise before the Board. *See Hernandez-De La Cruz v. Lynch*, 819 F.3d 784, 786 (5th Cir. 2016). The petitioners' failure to present their newly claimed PSG of "children who fled a violent parent" or "family of their mother or non-biological child of an El Salvadoran parent" before the IJ or the BIA was insufficient to properly raise the claim in these immigration proceedings. *See id.* Therefore, they have failed to exhaust administrative remedies as to their PSG and nexus argument, and we do not have jurisdiction to review it. *Id.* The petitioners' failure to exhaust their arguments regarding nexus to a PSG, a required element for relief under asylum or withholding, *see Orellana-Monson*, 685 F.3d at 518, is fatal to their asylum and withholding claims, derivative or not.

No. 20-60771

The petitioner's failure to present these arguments to the BIA means that they are unexhausted, and we lack jurisdiction to consider them. *See Roy v. Ashcroft*, 389 F.3d 132, 137 (5th Cir. 2004).  Accordingly, the petition for review as to these unexhausted claims is DISMISSED.

Jimena argues that the IJ erroneously refused to allow her to testify, which was a denial of her due process right to a full and fair hearing and her statutory right to present evidence.  The respondent argues that this is a procedural matter which should have been raised before the Board, that the issue is unexhausted, and that we lack jurisdiction to consider it.

The petitioners did not raise the issue of the IJ's refusal to allow Jimena to testify in their brief to the BIA.  Claims related to excluding or placing limitations on the admission of testimony by the IJ are procedural errors subject to the exhaustion requirement.  *See Roy*, 389 F.3d at 137; *Tibakweitira v. Wilkinson*, 986 F.3d 905, 913 (5th Cir. 2021).  Jimena's failure to present this argument to the BIA means that it is unexhausted, and we lack jurisdiction to consider it.  *See Roy*, 389 F.3d at 137.  Accordingly, the petition for review as to this unexhausted claim is DISMISSED.  *Tibakweitira*, 986 F.3d at 913.

Accordingly, the petition for review is DISMISSED in part for lack of jurisdiction and DENIED in part.